**In re LETTERS ROGATORY FROM the TOKYO DISTRICT, TOKYO, JAPAN.**

**No. 76–2320.**

United States Court of Appeals,
Ninth Circuit.

June 23, 1976.

William W. Schwarzer, of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., Edward Medvene, of Mitchell, Silberberg & Knupp, David Elson, and Richard Murphy, both of Murphy, Thornton, Hinerfeld & Cahill, Los Angeles, Cal., for appellant.

Carolyn Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

## ORDER

Before CHOY, SNEED and KENNEDY, Circuit Judges.

On May 28, 1976, "Letters Rogatory for International Judicial Assistance" from Judge Tsuneyoshi Ishida of the Tokyo District Court, Japan, were presented ex parte to the district court for the Central District of California. A copy of the "Procedures for Mutual Assistance in Administration of Justice in Connection with the Lockheed Aircraft Corporation Matter" agreed to by Japan and the United States on March 23, 1976 (hereinafter the "mutual assistance agreement") accompanied the Letters. The Letters requested immediate assistance in the taking of in camera depositions of certain residents (hereinafter the "witnesses") of the district. The depositions were to be used in criminal investigations and possible future criminal trials in Japan.

Upon presentation of the Letters, the district judge appointed three commissioners (one to preside over the depositions and two to conduct the questioning) and issued subpoenas duces tecum directed to the witnesses.

On June 4, 1976, the witnesses moved to quash the subpoenas on numerous grounds. On June 11, 1976, the district judge issued an order finding that the Letters were authentic and that 28 U.S.C. § 1782 did authorize the taking of testimony as requested by the Letters. He denied the motion for stay but granted a short continuance to allow the witnesses to approach this court. On June 15, 1976, the district court issued a

further stay.[1] Also, after June 15, 1976, the witnesses filed a notice of appeal to this court.

On June 17, 1976, the U. S. attorney, appointed as a commissioner by the district court, filed a motion to terminate the June 15 stay. It is this motion which is presently before this court. In response to the requests for expeditious action, the Letters Rogatory, the mutual assistance agreement which accompanied the Letters, and the district court's orders of June 11 and June 15, this court's normal procedures were suspended pursuant to Rule 2, Federal Rules of Appellate Procedure and the court held two in camera hearings before this panel.[2] In reaching our decision this court has had the benefit of materials presented to the district court, additional memoranda and affidavit, and oral argument from counsel representing the witnesses as well as the movant of the motion before us.

On the basis of these documents and arguments we grant the motion and vacate the stay ordered on June 15, 1976.

The only difficult issue presented is the witnesses' argument that the Letters in this case were not issued to obtain testimony for use in a foreign "tribunal" as that term is used in 28 U.S.C. § 1782. Relying primarily on *In re Letters of Request to Examine Witnesses From the Court of Queen's Bench for Manitoba, Canada,* 59 F.R.D. 625 (N.D.Cal.) *aff'd per curiam,* 488 F.2d 511 (9th Cir. 1973), the witnesses argue that the Tokyo District Court is not, at least in this instance, acting as an adjudicatory body.

The Letters Rogatory indicate that they were issued by the Tokyo District Court pursuant to a request by the Tokyo District Public Prosecutor's Office. This office, according to the affidavit of Tsutomu Hotta, a public prosecutor in said office, has been assigned the sole responsibility for prosecuting and investigating alleged improper payments of money to Japanese citizens by an American corporation and its officers and agents. The Letters were issued in aid of the ongoing investigation of alleged violations of Japanese income tax laws and other laws by one named, indicted individual and other unnamed, unindicted individuals. The witnesses are not the subjects of the investigation and may be granted immunity by the Japanese government. The information sought through the depositions is for use in completion of the investigation and in future trials.

The statute, 28 U.S.C. § 1782, has had a history which reflects a desire on the part of Congress to increase the power of district courts to respond to letters rogatory. *See In re Letters Rogatory From the Justice Court, District of Montreal, Canada,* 523 F.2d 562 (6th Cir. 1975). The 1964 amendment to 28 U.S.C. § 1782 replaced the language "any judicial proceeding pending in any court in a foreign country" with "in a proceeding in a foreign or international tribunal." The purpose of the amendment was to broaden prior law and permit extension of international assistance to bodies of a quasi-judicial or administrative nature. Congress' intent is reflected in the legislative history:

> The word "tribunal" is used to make it clear that assistance is not confined to proceedings before conventional courts. For example, it is intended that the court have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries.

1. The stay reads as follows:

 "It is hereby ordered that the order filed June 11, 1976 and all other proceedings herein are hereby stayed until June 25, 1976 upon condition that an appeal from the order filed June 11, 1976 and all other appealable orders be filed forthwith.

 "It is further ordered that the execution of the Letters Rogatory continue with the taking of testimony on the same schedule as fixed by the Commissioners commencing at

9:30 a. m. on the first Friday following the remand of this matter from the Court of Appeals to this Court subject to any appropriate order of the Court of Appeals."

2. Pursuant to the desires of the parties and the requests contained in the Letters Rogatory and the mutual assistance agreement which accompanied the Letters, all proceedings in this matter have been conducted in camera and all filings have been sealed.

(See Lelievre [sic] in Letters Rogatory 13 (Grossman Ed. 1956)). In view of the constant growth of administrative and quasi-judicial proceedings all over the world, the necessity for obtaining evidence in the United States may be as impelling in proceedings before a foreign administrative tribunal or quasi-judicial agency as in proceedings before a conventional foreign court. Subsection (a) therefore provides the possibility of U. S. judicial assistance in connection with all such proceedings. House Report 1052, 88th Congress, First Session, (1963), at p. 9.

Under 28 U.S.C. § 1782 the district court is given discretion in determining whether letters rogatory should be honored. The district court has in the past issued letters rogatory to foreign countries in aid of an investigation on behalf of a grand jury of the United States. A purpose of the 1964 amendment was to allow federal district courts to consider Letters Rogatory issued by foreign investigating magistrates. The reference in the above quoted House Report to the LeLievre article makes this abundantly clear. We conclude that the language of 28 U.S.C. § 1782, its legislative history and the past practice of the district courts support the exercise by the district court in this case of its discretion to honor the Letters Rogatory from the Tokyo District Court.

The *Manitoba* decisions [59 F.R.D. 625 and 488 F.2d 511, *supra* ] are clearly distinguishable as the Letters Rogatory there in issue were presented by an entity whose sole power was to make recommendations to a non-judicial body. The material before this court suggests that the Tokyo public prosecutor is empowered to make a final decision as to whether or not to prosecute an individual and the Tokyo District Court is empowered to determine whether or not an investigation is entitled to judicial assistance. The district court's issuance of subpoenas duces tecum in this case pursuant to the Letters is in no way inconsistent with our holding in *Manitoba:*

§ 1782 was not intended to and does not authorize the United States courts to compel testimony in behalf of foreign governmental bodies whose purpose is to conduct investigations unrelated to judicial or quasi-judicial controversies. 488 F.2d at 512, quoting 59 F.R.D. at 627.

Nothing has been brought to our attention which suggests the investigation, pursuant to which the Letters Rogatory before us were issued, is "unrelated" to "judicial or quasi-judicial controversies."

We do not find any of the other objections raised by the witnesses to be persuasive. Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas. Letters Rogatory in aid of criminal proceedings are authorized by 28 U.S.C. § 1782. *In re Letters Rogatory From the Justice Court, District of Montreal, Canada,* 523 F.2d 562, 565–66 (6th Cir. 1975). The issuance of Letters Rogatory by the Tokyo District Court and the reference to their possible issuance in the mutual assistance agreement rebuts the unsupported objection of the witnesses that Letters Rogatory are not authorized under Japanese law. It is premature to examine whether the witnesses have been granted immunity from prosecution in Japan and the effect of any such grants. Similarly, it is not now appropriate to consider the possibility that they may claim their Fifth Amendment privileges against testifying, as no witness has yet made any claim of privilege. The use to which the depositions are put in Japan does not appear presently to deserve this court's concern since the witnesses are neither defendants nor subjects of investigation in Japan. Nor can the witnesses object to the district court's action on the ground that the testimony to be taken may not be admissible in a Japanese trial. Such evidence may still be acceptable for preliminary stages in the Japanese procedure just as American grand juries can consider evidence not admissible in a trial. That the Securities and Exchange

Commission is conducting a similar investigation does not bar the Japanese proceedings, and no rights of the witnesses in regards to the S.E.C. activities are limited by this action. The subpoenas do not appear overly broad, and specific objections may be raised at the time of the testimony.

 Applying the traditional criteria for the issuance of a stay or injunction, *see Schwartz v. Covington,* 341 F.2d 537 (9th Cir. 1965) to the district court's order of June 15, 1976, we conclude that the witnesses are not entitled to a stay pending appeal. The commissioner movant has shown a substantial likelihood of success on the merits and the witnesses have not shown a likelihood of success. While the requirement that the witnesses attend depositions may be an imposition, this is outweighed by the Japanese government's request for expeditious treatment of the Letters Rogatory. Public policy, as reflected in the mutual assistance agreement entered into by the United States, strongly favors the denial of a stay. Our ruling, however, is only on the motion to terminate stay. It does not moot the appeal nor does it foreclose the possibility, however remote that may be, that a subsequent panel reviewing the appeal on its merits may decide differently.

The motion to terminate the stay is granted and the district court's stay pending appeal issued June 15, 1976 is hereby vacated. We direct that the taking of testimony pursuant to the Letters commence forthwith.