In Re REQUEST FOR JUDICIAL AS-SISTANCE FROM the SEOUL DIS-TRICT CRIMINAL COURT, SEOUL, KOREA.

Young Sool SHIN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 77–1561.

United States Court of Appeals, Ninth Circuit.

June 13, 1977.

---

James R. Frolik (argued), Frolik, Filley & Schey, Mark Horlings (argued), San Francisco, Cal., for petitioner-appellant.

James L. Browning, Jr., U. S. Atty., Bruno A. Ristau (argued), Chief Atty. for Foreign Litigation Unit, Civil Division, Dept. of Justice, Washington, D. C., for respondent-appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and BONSAL,* District Judge.

MERRILL, Circuit Judge:

Young Sool Shin has taken this appeal from an order by the District Court of the Northern District of California commanding the Bank of Tokyo of California (now California First Bank) to produce certain bank records respecting appellant's account with that bank. The order was issued in response to a request for judicial assistance issued by the Seoul District Criminal Court, Republic of Korea, pursuant to 28 U.S.C. § 1782. The request was transmitted by the Korean Embassy to the Department of State, and by the Department of State to the Department of Justice. It was presented to the court below by the United States Attorney, and the Department of Justice is here representing the Seoul District Criminal Court, and the United States is named herein as appellee.

Section 1782 provides in part:

"(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal * * *."

The principal question upon the merits of the appeal is whether the request was entitled to be honored by the district court under § 1782.

1. *Jurisdiction*

The government does not here dispute the appealability of the order granting the request. We feel, however, that we should express our view that it was final and therefore appealable. In *In re Letters Rogatory from City of Haugesund, Norway*, 497 F.2d 378, 379–81 (9th Cir. 1974), we held that a district court order directing a witness to answer questions in response to a letter rogatory was not a final order because the court had not yet held the witness in contempt. *Haugesund*, however, is inapplicable because the order there was directed against a party to the suit in Norway for which the letter rogatory was issued. Here, the *subpoena* is directed against a bank, not the appellant who is the party of interest in the proceeding before the foreign tribunal. The bank is unlikely to suffer a finding of contempt to protect appellant's rights. Under these circumstances, we conclude that the district court's order is appealable. *In re Letters Rogatory Issued by the Director of Inspection of the Gov't of India*, 385 F.2d 1017, 1018 (2d Cir. 1964).

*Hon. Dudley B. Bonsal, U.S. District Judge of the Southern District of New York, sitting by designation.

## 2. *Standing*

██ The government contends that since the order was directed to the Bank of Tokyo and relates to records of that bank which are not the property of appellant, appellant does not have standing to challenge the order. We disagree. While appellant may not have standing to challenge the disclosure of bank records on fourth or fifth amendment grounds, the question is whether judicial assistance should have been granted under the statute. The request warrant states that the records are sought in connection with criminal charges pending against appellant. The party against whom requested bank records are to be used has standing to challenge the validity of the order to the bank to produce the records. *In re Letter Rogatory from the Justice Court District of Montreal, Canada,* 523 F.2d 562, 563–64 (6th Cir. 1975).

## 3. *Authority of the Seoul Court to Make the Request*

██ A request for judicial assistance respecting appellant's alleged criminal activity was first transmitted to the Department of State in June, 1976. The request (denominated a warrant) stated that it would expire on December 31, 1976, and explained that under Korean law, upon expiration, a new warrant would have to be issued. The request was duly transmitted to the Department of Justice, presented to the court below by the United States Attorney, and a *subpoena duces tecum* was issued. Appellant vigorously sought to quash the *subpoena* and hearings were had before a court commissioner who ultimately ruled in appellant's favor that the request for assistance should be denied. In January, 1977, the government moved the district court for review of the commissioner's ruling and appellant opposed the motion, in large part on the ground that the Korean request had expired. In February, a supplemental request for judicial assistance was received from Korea and filed with the

district court. It was identical to the earlier request, except for an expiration date of June 30, 1977. Hearing by the district court was had and the district court ordered that the request be honored. It is from that order that this appeal was taken.

In the meantime proceedings against appellant in the Seoul trial court had been concluded, and an appeal had been taken to the Appellate Division of the Seoul District Criminal Court. Appellant's principal contention on appeal is that the court making the second request, having concluded its trial, was without jurisdiction over the controversy in connection with which the bank records were sought, and thus was without jurisdiction to make the request; that under these circumstances it was error or abuse of discretion to honor the request.

Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy. *In re Letters of Request to Examine Witnesses from the Court of Queen's Bench for Manitoba, Canada,* 488 F.2d 511, 512 (9th Cir. 1973).

There is no question but that such conditions are met here.[1] The question raised by appellant is whether a tribunal that has already entertained trial of the controversy and thus is aware of the issues presented and of what evidence would be relevant to those issues, can, under Korean law, request assistance on behalf of the tribunal where review is now pending. In our judgment our federal courts, in responding to requests, should not feel obliged to involve themselves in technical questions of foreign law relating to subject-matter jurisdiction of foreign or international tribunals, or the admissibility before such tribunals of the testimony or material sought.

---

1. We are given to understand that the appellate division court can, under Korean law, receive new evidence and thus that the records requested are for use in a proceeding still pending in a foreign judicial tribunal.

This is not to say that jurisdiction of the requesting court is never an appropriate inquiry. If departures from our concepts of fundamental due process and fairness are involved, a different question is presented— one that is not presented here and which we do not reach. A request for judicial assistance is an appeal to the discretion of the district court. *In re Letters Rogatory from Tokyo Dist.,* 539 F.2d 1216, 1219 (9th Cir. 1976). Here it is not disputed that the Korean courts have a legitimate basis for the exercise of judicial authority over appellant and that a controversy is there entertained in which the records would be of use. We find no abuse of discretion in honoring the request under these circumstances.[2]

### 4. *Other Issues*

■ 28 U.S.C. § 1782 also provides in part:

> "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."

Appellant contends that under California law a bank's records, with respect to its customers, are the subject of a quasi-privilege which would serve to make applicable the quoted language.

California law does not extend this far. In *Valley Bank of Nevada v. Superior Court of San Joaquin County,* 15 Cal.3d 652, 125 Cal.Rptr. 553, 554–555, 542 P.2d 977, 978–79 (1975), the Supreme Court of California held that the California Evidence Code did not provide a common-law privilege with respect to bank customer information; that privileges contained in the code are exclusive and that courts are not free to create new privileges as a matter of judicial policy. The court did, however, recognize that the state's constitutional right

of privacy served to afford limited protection to such records: the bank is to be deemed to have agreed not to divulge such information in absence of a court order. 125 Cal.Rptr. at 555, 542 P.2d at 979. Since production by the bank here would be in response to a court order, the California law of privilege is of no help to appellant.

■ Appellant contends that assistance in criminal matters involving a foreign country's currency control laws should, as a matter of policy, be rendered only if there exists a tax treaty between the United States and the requesting country. We reject this contention. It finds no support in the language of the Act or in its legislative history, nor has our attention been drawn to any judicial decision so holding.[3] The fact that the Department of Justice here supports the giving of assistance, with the implicit approval of the Department of State, suggests to us that there is no executive policy supporting appellant's position.

All other contentions of appellant we find to be without merit.

The order of the district court is affirmed.

---

**2.** Appellant complains that the court below accelerated hearing on the request and refused to give consideration to an affidavit of a former Korean judge as to the state of Korean law, thus making it impossible for appellant effectively to establish lack of jurisdiction. In light

of our views already expressed, this action was not prejudicial.

**3.** "Letters Rogatory in aid of criminal proceedings are authorized by 28 U.S.C. § 1782." *In re Letters Rogatory from Tokyo Dist.,* 539 F.2d 1216, 1219 (9th Cir. 1976).