**In re LO KA CHUN (a/k/a Brian Lo), Plaintiff,**

**v.**

**LO TO, Defendant–Appellee,**

**and**

**Law Tsoi, (An action in the Hong Kong High Court, Action # 2015 of 1980), Defendant,**

**and**

**Ida Li, Ira Lo, Ada Lo and Dixon Li, Third Party Witnesses–Appellants.**

No. 87–6098.

United States Court of Appeals, Eleventh Circuit.

Nov. 8, 1988.

David S. Bowman, Pompano Beach, Fla., Harry D. Polatsek, Leonard A. Sclafani, Ft. Lauderdale, Fla., for appellants.

Steven E.M. Hartz, Miami, Fla., Walter B. Stahr, Cleary, Gottlieb, Steen & Hamilton, Hong Kong, for appellee.

Before HILL and ANDERSON, Circuit Judges, and THOMAS *, Senior District Judge.

DANIEL HOLCOMBE THOMAS, Senior District Judge:

This case involves an appeal from the district court's discovery order of May 19, 1987, wherein the district court authorized the issuance of subpoenas duces tecum to residents of the United States who are non-party witnesses in an action pending in Hong Kong. The district court's order was issued pursuant to 28 U.S.C. § 1782(a) which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or document or other thing produced, before a person appointed by the court ...
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

The history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance. *In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1218 (9th Cir.1976). With its action, Congress also attempted to stimulate reciprocity. *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 135 (3rd Cir. 1985). However, Congress gave the district court the discretion to decide whether to honor the requests for assistance. *Letters Rogatory from Tokyo, Japan*, 539 F.2d at 1219.

As Congress has given the district courts such broad discretion in granting judicial assistance to foreign countries, this

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

court may overturn the district court's decision only for abuse of discretion. *In re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea,* 555 F.2d 720, 724 (9th Cir.1977). Appellant herein charges that the district court abused its discretion in issuing the discovery order in that the discovery contemplated would "neither be permissible nor admissible or usable" under Hong Kong law. To the contrary, the appellee argues that the discovery he requests is both available and admissible pursuant to the laws of Hong Kong.

■ It is apparent that the district court did not abuse its discretion.[1] However, subsequent to this district court's decision, this court, in interpreting Section 1782 stated:

> While a district court generally should not decide whether the requested evidence will be admissible in the foreign court, ... *the district court must decide whether the evidence would be discoverable in a foreign country before granting assistance.* [citations omitted] (emphasis added).

*In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago,* 848 F.2d 1151, 1156 (11th Cir.1988). The district court herein made no determination as to the discoverability of the evidence contemplated herein.

Moreover, a decision rendered by the English House of Lords, *South Carolina Insurance Co. v. Assurantie Maatschappy "De Zeven Provicien" NV; South Carolina Insurance Co. v. Al Ahlia Insurance Co., and Another,* House of Lords (1987) 1 AC 24, (1986) 3A11 ER 487 (1986) 3 WLR 398, (1986), 2 Lloyd's Rep. 317, calls into question the discoverability of the requested evidence in the courts of Hong Kong.

Therefore, in accordance with *In re Request for Assistance, supra,* we hereby REMAND this cause to the district court for a determination as to the discoverability of the evidence sought by appellee Lo To. Should the district court find the evidence

discoverable under the laws of Hong Kong, the taking of the testimony and/or production of documents should commence in accordance with the Federal Rules of Civil Procedure, which will afford the appellant all of the protection afforded by Fed.R. Civ.P. 26(c). However, if the court finds that the evidence is not discoverable, the subpoenas duces tecum are due to be quashed.

---

1. The Court correctly determined that the defendant Lo To (appellee herein) is an "interest party" in requesting the court's assistance and that the information sought is "for use in a proceeding" as required by Section 1782.