### In re APPLICATION FOR AN ORDER FOR JUDICIAL ASSISTANCE IN A FOREIGN PROCEEDING IN THE HIGH COURT OF JUSTICE, CHANCERY DIVISION, ENGLAND.

No. CV 93–566 DT (GHKx).

United States District Court,
C.D. California.

March 29, 1993.

---

Ralph Zarefsky, David J. Kaloyanides, Baker & Hostetler, Los Angeles, CA, for petitioners Timothy Ignatius L'Estrange and John Robert Felix Lehane.

Richard Marmaro, James C. Chalfant, McCambridge, Deixler, Marmaro & Goldberg, Los Angeles, CA, for respondent Glenn Tobias.

**ORDER GRANTING REVIEW OF AND REVERSING MAGISTRATE JUDGE'S ORDER OF JANUARY 28, 1993, ORDERING GLENN TOBIAS TO SUBMIT TO A PRE–TRIAL DEPOSITION.**

TEVRIZIAN, District Judge.

### Background

This suit arises out of a related foreign proceeding filed on December 22, 1992, in the High Court of Justice, Chancery Division, in London, England. The foreign action involves approximately thirty-million dollars in misappropriated trust funds. A London court appointed Timothy L'Estrange and John·Lehane ("Appellees") as trustees over the missing funds. Appellees filed the foreign action against several defendants who allegedly have control over approximately twenty-million of the thirty-million dollars missing from the trust account. On January 6, 1993, Appellees amended the foreign complaint to name Glenn Tobias ("Appellant"), a United States citizen, as a defendant in the English action, alleging that he had control over the remaining missing funds. After joining Appellant as a party, the English court allegedly issued an interlocutory order for discovery in the form of a request for production of documents and submission of an affidavit concerning any knowledge of the whereabouts of the missing trust funds.

On January 14, 1993, Appellees served Appellant with a copy of the amended foreign complaint. At the same time, Appellant was served with a copy of a subpoena duces tecum, which was issued ex parte by Magistrate Judge Elgin Edwards, requiring Appellant to produce documents and have his deposition taken. Appellant applied to the Magistrate Judge for reconsideration of his ruling in this matter. On January 28, 1993, the Magistrate Judge issued an order affirming his previous ruling. Before this court today is Appellant's motion for review of the Magistrate Judge's order of January 28, 1993.

### Discussion

#### A. Standard

■ In deciding motions for review of a Magistrate Judge's order, this court refers to

Local Rule 3.3.01 in Chapter V of the Local Rules for the Central District of California, which provides, in relevant part, as follows:

Within ten (10) days of service upon him of a written ruling, order, or judgment, any party aggrieved by a Magistrate Judge's decision may file ... a motion for review and reconsideration before the Judge to whom the case is assigned, specifically designating the portions of the decision objected to and specifying wherein such portions of the decision are clearly erroneous or contrary to law....

Discovery rulings by a Magistrate Judge are reviewed by this court under the implicit standard of abuse of discretion. *Geophysical Systems Corp. v. Raytheon Co.*, 117 F.R.D. 646 (C.D.Cal.1987).

## B. Discovery

Under 28 U.S.C. § 1782, federal courts have the power to provide assistance to foreign tribunals and litigants in obtaining discovery in the United States. Pursuant to this section, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782.

Appellant contends that the federal court's power in this regard is limited to the scope of discovery available in the foreign proceedings. *In re Application of Asta Medica*, 981 F.2d 1 (1st Cir.1992). Appellant contends that the purpose of the statute is to assist foreign courts in discovery, not to change the scope of discovery available to foreign litigants. *Id.* Appellant claims that the law of England is more restrictive in matters of pre-trial discovery than the law of the United States. Specifically, Appellant claims that English litigants do not have the right to conduct pre-trial depositions of opposing parties unless the courts determine that it is warranted and issue an order authorizing such depositions. In this case, Appellant claims that no such determination has been made. Therefore, Appellant contends that the scope of Appellees' discovery in the United States should be limited to the same extent that it is limited in England (i.e. production of documents and affidavits, but no oral examination).

Appellant claims that this result is dictated by the concept of fairness because foreign litigants would enjoy a distinct advantage if they were permitted to conduct discovery to the full extent allowed by the law of the United States, while their domestic counterparts were bound by the constraints of the law of the foreign jurisdiction. In addition, Appellant asserts that limiting discovery to the extent allowed by the country where the litigation is proceeding, fosters the principle of comity, which may result in reciprocation by that country when the situation is reversed, while failure to limit discovery suggests a usurpation of the foreign tribunal's authority and discretionary power.

Appellant contends that the distinction to be made is one of discoverability, as opposed to admissibility. According to Appellant, the function of the federal court is to determine what information is discoverable pursuant to the foreign forum's discovery laws, without conducting an inquiry into its admissibility, which is a task best left to the foreign court. In determining what information is discoverable, Appellant contends that the federal court should defer to the discretion of the foreign court. For example, where a court order is required to conduct discovery in a particular situation, and the foreign court has not so ordered, the federal court should not subvert the foreign court's discretion. In other words, according to Appellant, the mere fact that discovery is possible does not mean that the party has a right to such discovery and it is incumbent upon the federal court to leave that determination to the foreign court in which the action is proceeding.

Appellees contend that Appellant's reading of 28 U.S.C. § 1782 is more restrictive than the Ninth Circuit's interpretation in *In re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea*, 555 F.2d 720 (9th Cir.1977). Appellees claim that only the First Circuit has construed the statute in question in the restrictive manner that Appellant prescribes. *See Asta Medica*, 981 F.2d at 1. Appellees indicate that, besides *Asta Medica*, the cases that Appellant

cites in support of his proposition involve situations where discovery is sought from non-party witnesses. They contend that this is not a concern in the instant action because Appellant is a party to the foreign action.

In this court's opinion, the Magistrate Judge's interpretation of § 1782 cannot stand and Appellees are not entitled to discovery beyond what is available to them in the foreign court in which the action is proceeding. The Ninth Circuit cases that Appellees cite, which include *Seoul*, 555 F.2d at 720, *In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216 (9th Cir.1976), *In re Letters Rogatory from the City of Haugesund, Norway*, 497 F.2d 378 (9th Cir.1974) and *In re Letters of Request to Examine Witnesses from the Court of Queen's Bench for Manitoba, Canada*, 488 F.2d 511 (9th Cir.1973), are distinguished from the case at bar. Each of these cases involved a direct request from a foreign tribunal for assistance with regard to a judicial or quasi-judicial controversy. Where the request emanates from the tribunal itself, it is clear that the discovery sought is permitted and authorized by that body. Where the request is made by an adverse party in a foreign proceeding, as in the instant case, the federal courts must exercise caution to prevent the circumvention of foreign discovery provisions and procedures. *See John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132 (3rd Cir. 1985). While individual litigants are entitled to make requests for assistance under 28 U.S.C. § 1782, such requests do not establish the foreign court's position as to the discovery sought.

In the absence of any Ninth Circuit authority on point, this court finds the reasoning of the First Circuit in *Asta Medica* to be persuasive. *See also John Deere*, 754 F.2d 132; *In re Lo Ka Chun v. Lo To*, 858 F.2d 1564 (11th Cir.1988); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151 (11th Cir.1988). Conversely, this court is not inclined to agree with Appellees' attempts to distinguish the relevant cases. In this court's opinion, the purpose of 28 U.S.C. § 1782 was to foster jurisprudential comity and cooperation between the United States and foreign countries. This court does not believe that Congress intended to pass legislation that would significantly weaken the position of United States citizens in foreign legal proceedings. The intent behind the statute was to facilitate compliance by U.S. citizens with foreign court proceedings and to maintain respect for foreign countries' sovereign jurisdiction. Besides promoting good relations, such an approach may invite reciprocation by foreign courts when the situation is reversed and our courts seek similar assistance in a distant forum.

Appellees also contend that the information sought from Appellant falls within the scope of permissible discovery under English law. Appellees claim that even in the event that Appellant's restrictive reading of § 1782 is adopted, Appellees are still entitled to conduct a deposition of Appellant because, subsequent to the Magistrate Judge's ruling of January 28, 1993, the English court has ordered Appellant to submit to oral examination. In this court's opinion, Appellees' reasoning is flawed. An order issued by the English court subsequent to the Magistrate Judge's ruling of January 28, 1993, will have no bearing on this court's disposition because, in deciding whether an abuse of discretion has occurred, this court will only consider the evidence that was presented to the Magistrate Judge. The purported ruling by the English court was neither before the Magistrate Judge, nor is it before this court today. If in fact a subsequent order has been made by the English court, Appellees are free to bring a renewed petition for discovery before the Magistrate Judge.

Accordingly, this court is prepared to **GRANT** Appellant's motion for review of the Magistrate Judge's order of January 28, 1993, and **REVERSE** the Magistrate Judge's order of January 28, 1993, granting broad discovery to Appellees, which included the right to take Appellant's deposition. As previously discussed, this court notes that a subsequent order has allegedly been issued by the English court regarding oral examination of Appellant. The parties are instructed to bring a renewed petition for discovery before the Magistrate Judge, who shall de-

termine the scope and extent of the discovery presently authorized by the English court.

IT IS SO ORDERED.