**In re JENOPTIK AG, Petitioner.**

**Miscellaneous No. 492.**

United States Court of Appeals, Federal Circuit.

March 3, 1997.

Gerald H. Kiel, McAulay Fisher Nissen Goldberg & Kiel, LLP, New York City, sub-

mitted a petition for a writ of mandamus for petitioner.

Michael A. Stallman, Limbach & Limbach, L.L.P., San Francisco, CA, submitted the response to the petition for respondent Therma–Wave, Inc.

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

## OPINION

SCHALL, Circuit Judge.

Jenoptik AG petitioned for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order that would permit the submission of protected deposition testimony to a German court hearing a suit between Therma–Wave, Inc. and Jenoptik. Therma–Wave opposed. The petition was filed on November 21, 1996, and the response was filed on November 26, 1996. We denied the petition on November 27, 1996. Judge Newman dissented from the denial.* Trial in the German court began November 28, 1996.

Therma–Wave sued Jenoptik in California seeking a declaratory judgment that Jenoptik's devices, if made, used, or sold in the United States, would infringe Therma–Wave's patents related to a method and apparatus for detecting thermal waves. Jenoptik counterclaimed for declaratory judgments that the patents would not be infringed, that the patents were invalid, and that the patents were unenforceable. In Germany, Therma–Wave brought an action for infringement of a German counterpart of one of the patents at issue in the California action.

A stipulated protective order governing confidential information disclosed during discovery was entered by the district court. The order provided for two types of protection. The first type of protected confidential information was to be identified as "Confidential" and the second type as "Confidential—Trial Counsel Only" (Confidential–TCO).

During discovery in the California action, certain deposition testimony was identified as Confidential–TCO. Thereafter, Therma–Wave sought to present portions of the deposition testimony identified as Confidential–TCO to the German court, asserting that the deposition testimony conflicted with a portion of Jenoptik's brief filed in Germany. Therma–Wave requested that the district court either change the confidential designation of the deposition passages or modify the protective order to release the deposition passages for use in the German court. In its motion, Therma–Wave agreed to be placed "under the same restrictions regarding use of the materials in Germany that they are under here in this action." Jenoptik opposed the motion.

The district court granted Therma–Wave's motion to the extent that it modified the protective order to permit the release of the deposition passages for use in the German court. The district court stated that the protective order "should not be a means to keep relevant information from *courts*" [emphasis in original]. The district court also requested that the German court "maintain the confidentiality of the information." The district court was silent with regard to Therma–Wave's agreement to be bound by the TCO provisions when using the materials in Germany.

Jenoptik requested that we vacate the modification order because (1) the district court failed to adequately address and protect Jenoptik's interest in maintaining Confidential–TCO information, (2) the district court was required, but failed, to consider that the modification order would circumvent the discovery procedure of German courts, and (3) the district court modified the protective order without sufficient reasons because the deposition testimony at issue did not conflict with statements in Jenoptik's brief in the German court.

▇ The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464, 7 USPQ2d 1713, 1715 (Fed. Cir.1988). A party seeking a writ bears the

---

* In our order denying the mandamus petition, we stated that a discussion by the majority and dissent would follow. The present opinion thus explains our previous disposition of the matter.

burden of proving that its right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980); *In re Regents of the Univ. of California*, 101 F.3d 1386, 1387, 40 USPQ2d 1784, 1785 (Fed. Cir.1996).

■ Jenoptik's first argument was that the district court failed to protect Jenoptik's interest in maintaining the TCO-confidential status of the deposition excerpts after they were presented to the German court. However, in view of Therma–Wave's offer in the district court to continue to comply with the provisions of the protective order, we deemed Therma–Wave to be bound by the protective order with regard to the TCO provisions. Thus, Jenoptik did not show that its right to issuance of the writ was clear and indisputable on this ground.

■ Jenoptik's second argument was that the modification order circumvented the discovery procedure of German courts and that the district court was required to consider the discoverability of the documents in a German court. Jenoptik asserted that the material in the deposition contained trade secrets. Jenoptik stated that there are no procedures for taking a deposition in Germany and that the only way a German court could obtain testimony of the person deposed in this case would be by live testimony. Jenoptik asserted that a person testifying in a German court can refuse to testify to matters concerning trade secrets.

Jenoptik compared its situation to an action under 28 U.S.C. § 1782 (1994). That statute permits a district court to compel a person to give testimony or produce documents for use in a proceeding in a foreign tribunal. Jenoptik argued that the district court should have considered whether the Confidential–TCO deposition testimony would have been discoverable in a German court. Some courts in § 1782 cases have ruled that discoverability is a factor to be considered.

However, this case was not an action to conduct discovery arising under § 1782. The discoverability of the deposition excerpts was not the appropriate inquiry; Jenoptik did not

argue that, if these materials were not confidential, Therma–Wave could not present the excerpts to another court. Jenoptik was seeking an order barring the presentation of the Confidential–TCO deposition testimony— which already had been discovered—to the German court. Thus, it was solely the confidentiality of the deposition testimony that was relevant to the mandamus petition. In short, the district court's modification order did not circumvent German rules pertaining to discovery. Rather, it simply enabled the German court to have the deposition material before it so that it could apply those rules. Case law interpreting the requirements of section 1782 is not relevant to a determination whether a protective order may be modified to permit the release of deposition testimony, already discovered, to another court.

The Ninth Circuit, whose law we applied in this petition, has considered whether it is appropriate for a district court to modify a protective order to permit confidential materials to be used in a different court proceeding. In *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470, 475 (9th Cir.1992), the court stated that "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." The court stated that "legitimate interests in privacy can be protected by putting the intervenors [the parties requesting modification of the protective order] under the same restrictions as those contained in the original protective order" and noted that the parties in the case had agreed to use the information only in accordance with the protective orders. *Id.* *Beckman* is instructive here. Therma–Wave's agreement to be bound by the TCO provisions of the protective order in this case satisfied the rule established by *Beckman*. Further, the district court did all that it could by requesting that the German court continue to treat the documents as confidential. Accordingly, Jenoptik did not show its right to issuance of the writ was clear and indisputable on this second ground.

■ Jenoptik's third argument, that the deposition testimony did not conflict with statements in its brief and thus should not be disclosed, could only be resolved by the Ger-

man court. That argument was intertwined with the very reason why Therma–Wave sought to present the testimony to the German court, that is, to show a conflict with statements in Jenoptik's brief in that court. Jenoptik did not show why the German court could not decide this issue as well as any other issues relating to the material, including admissibility, that the German court deemed appropriate. Thus, mandamus was also not appropriate on Jenoptik's third argument.

In sum, Jenoptik failed to show that its right to issuance of a writ of mandamus directing the district court to vacate its order modifying the protective order was clear and indisputable. Accordingly, its petition for a writ of mandamus was denied.

PAULINE NEWMAN, Circuit Judge, dissenting.

I respectfully dissent. It is not the role of this nation's courts to adjust the positions of the parties before the tribunal in Germany, by circumventing German law.

The district court ordered the release, to a German tribunal in a German proceeding, of confidential deposition testimony asserted to contain trade secret information that had been produced under protective order in litigation in the United States. Trade secret information is not discoverable under German law. Therma–Wave states that unless the confidential deposition testimony is released by the United States court to the German court, it may never be usable in the German litigation because it is protected by German law. This was the ground on which Therma–Wave obtained release of the information, telling the district court that the Jenoptik information is necessary because it contradicts representations made by Jenoptik in the German action. Thus Therma–Wave obtained the assistance of a United States court in circumventing German law, acting contrary to precedent. The district court's action was inappropriate, and should not be sustained.

The German court did not ask the United States court to aid in obtaining this evidence. The German court has not ordered Jenoptik to produce the evidence in the German action, or requested assistance in obtaining it in the United States. As the Third Circuit stated in *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 134 (3d Cir. 1985), "Had the Canadian tribunal directly petitioned the district court to permit testimony to be taken, there would be little question as to the propriety of honoring the request for assistance." Federal district courts are authorized to provide assistance to foreign tribunals and litigants in obtaining evidence in the United States, *see* 28 U.S.C. § 1782 ("The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."), but the criteria for such assistance are not met in this case.

Several circuits have explored the application of § 1782, and have uniformly held that a party to foreign litigation is not entitled to discover, under § 1782, information that is insulated from discovery in the foreign court in which the action is pending. *See, e.g., In re Application of Asta Medica, S.A.*, 981 F.2d 1, 6 (1st Cir.1992) (district court should not permit parties to circumvent foreign law and procedures by obtaining information, in a § 1782 action, that would not be discoverable in the foreign jurisdiction); *In re Lo Ka Chun v. Lo To*, 858 F.2d 1564 (11th Cir.1988) (district court is required to determine the discoverability in the foreign jurisdiction before allowing disclosure of the evidence sought under § 1782); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151 (11th Cir.1988) (district court must determine whether the evidence is discoverable in the foreign country before granting assistance).

In *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the High Court of Justice, Chancery Division, England*, 147 F.R.D. 223, 225–26 (C.D.Cal.1993), the district court held that a party to foreign litigation is not entitled to discovery "beyond what is available to them in the foreign court in which the action is proceeding." In *In re the Court of the Commissioner of Patents for the Republic of South Africa*, 88 F.R.D. 75, 77 (E.D.Pa.1980),

the district court expressed concern that foreign discovery provisions not be circumvented, stating that such concern is particularly pronounced when the requested discovery is not by means of letters rogatory, but from an individual litigant. This is not a case of a direct request for assistance from a foreign tribunal. In *In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216 (9th Cir.1976), the requested discovery was authorized by the requesting entity.

In *In re Asta Medica*, 981 F.2d at 6, the First Circuit suggested that the district court obtain the assistance of a foreign law expert, or inquire of the foreign court, if there is doubt as to whether the information sought to be disclosed would be discoverable in the foreign proceeding. In contrast, the Third Circuit thought that such an inquiry would be unnecessarily burdensome. *John Deere*, 754 F.2d at 135. In this case, however, Jenoptik did submit the affidavit of a German law expert, Dr. Sabine Rojahn, who stated that trade secrets are protected from discovery under German law:

> In the German action, Therma–Wave can request that the testimony of Mr. Kowalski be heard in open court. Should the German court deem Therma–Wave's request to be relevant and meritorious, the testimony of Mr. Kowalski will be heard and both parties will then have a right to examine Mr. Kowalski. Mr. Kowalski will have to answer the questions truthfully, but pursuant to Section 384, no. 3, of the German Civil Code, he may legally refuse to answer questions concerning business or industrial secrets.

There was no contrary advice. Although Therma–Wave argues that the information it seeks is not confidential because it has already been disclosed, if there were no issue of confidentiality these proceedings would be unnecessary, if not frivolous. I take note that the district court recognized the confidential nature of the evidence that it released to the German court. Thus it must be concluded, as Dr. Rojahn's uncontradicted affidavit states, that the evidence Therma–Wave seeks to present to the German court would not be discoverable under German law.

The Federal Circuit has recognized that foreign countries have different discovery rules and different laws governing trade secrets, and that these may not match United States practices. *See Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 41 USPQ2d 1161 (Fed.Cir.1996). Although 28 U.S.C. § 1782 is available to private litigants and foreign courts, its purpose is to facilitate the legitimate gathering of evidence, not to circumvent foreign laws. See S.Rep. No. 1580, 88th Cong., 2d Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782. Indeed, Jenoptik is a German company and is directly subject to the jurisdiction of the German court: if the evidence is admissible in Germany its production can be ordered directly, without help from the United States, for the witness at issue is a Jenoptik employee located in Germany, and the asserted confidential information appears to have originated in Germany, not the United States.

United States courts should not be a tool in circumvention of the law of foreign countries. It is improper use of United States discovery procedures, by a party to a German action, to place in evidence, in Germany, trade secret information that is not discoverable under German law. The issue is not the taking of testimony in the United States for proper use in a foreign tribunal, as in *John Deere v. Sperry*, 754 F.2d at 136, where the Canadian court had ordered the discovery and the Third Circuit held that the witnesses could be deposed in the United States because their testimony could have been obtained in Canada had they been subject to Canadian jurisdiction. Instead, this court has ordered disclosure in Germany of information that is expressly protected from disclosure by German law. I have come upon no precedent supporting such action by a United States court. *Cf. Société Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (refusing to order production of Swiss documents when such discovery was illegal in Switzerland).

The majority relies on Ninth Circuit precedent concerning the ready transfer of confidential material between courts in the United States. However, such transfer raises no

issue of illegality of the discovery in the transferee jurisdiction. We have the obligation, in law, international comity, and sound practice, not only to aid foreign process when requested, but also to avoid aiding in deliberate circumvention of foreign laws and procedures. Thus I must, respectfully, dissent from this ruling.