**In re Application of Mohamed AL FAYED.**

No. 99–35.

United States District Court, D. Maryland.

Feb. 4, 1999.

10. Upon payment to the plaintiffs, the Spinks' cause of action against MMC and the Ruans for

Sean Eskovitz, Williams & Connolly, Washington, DC, for Mohamed Al Fayed, movant.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

*Background*

Presently before the Court is the *ex parte* application, filed February 3, 1999, of Mohamed Al Fayed for an order directing the issuance of a subpoena to the United States National Security Agency (NSA), Ft. Meade, Maryland, requiring that agency (which collects electronic intelligence information related to the national security of the United States) to produce certain documents said to be in its possession. These documents are

collection of insurance proceeds will subrogate to General Accident.

said to relate to Diana, late Princess of Wales, and to her companion, the late Dodi Al Fayed (son of Mohamed Al Fayed), and their deaths in a highly publicized automobile crash in Paris, France, in August, 1997.

A subpoena is also sought for NSA documents relating generally to a number of other individuals, including Mr. Mohamed Al Fayed himself and an assortment of figures of international intrigue, including a former Czech spy and a former alleged United States Central Intelligence Agency (CIA) operative. (As to the latter two, the application states that there have been criminal proceedings involving an incident that occurred in Vienna (Austria) in April, 1998, in which Mr. Al Fayed was allegedly the subject of a "shakedown" by the Czech spy and the former CIA operative relating to phony CIA documents concerning the deaths of the Princess and Dodi Al Fayed.)

In the application for the subpoena, it is stated that a news agency's request of NSA under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), for documents relating to the Princess and the circumstances of her death resulted in a response indicating that NSA had such documents, many of which were released to the requestor by letter of November 5, 1998, but some of which were forwarded to non-NSA originating agencies for direct response. Others (39, to be exact) were withheld by NSA as classified under FOIA. These are sought now.

Finally, the Court is informed by the application that such documents would be admissible in the official inquiry into the deaths of the Princess and her companion being conducted in Paris by Premier Juge d'instruction Stephan. (It is not stated whether those proceedings are criminal or civil in nature; most likely, they defy common law characterization, given the vast differences between continental law and common law in the area of judicial inquests.)

### Procedural Considerations

The Court first notes that this is *not* a FOIA case. Rather, it is an attempt to obtain documents that have already been denied public release under FOIA by a different route, *viz.*, 28 U.S.C. § 1782.

Section 1782 of Title 28 is one of two statutes conferring federal judicial power in connection with judicial proceedings in other countries. The first is 28 U.S.C. § 1781, which allows federal district courts to act on a letter rogatory from a foreign tribunal, officer, or agency. (That statute puts into effect the various conventions and protocols on letters rogatory set out following § 1781.)

Just as this case is not a FOIA case, this is *not* a case where a duly constituted foreign tribunal has made an official request, by letters rogatory or otherwise, to this Court under § 1781.

Rather, the applicant in this case invokes § 1782(a), which provides that the federal district court may order a deponent "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal...." Certainly, the tribunal constituted in France under Judge Stephan is the type of tribunal to which the Court may give assistance under § 1782. *See In Re: Letters Rogatory from Tokyo,* 539 F.2d 1216, 1218–19 (9th Cir.1976). Furthermore, the Court will assume that Mr. Al Fayed is an "interested party" under § 1782. *Application of Esses,* 101 F.3d 873, 875–76 (2d Cir.1996).

### Merits

■ Even where the procedural requirements for the issuance of a § 1782 order are satisfied, as here, case law recognizes that the district court has "wide discretion" when considering an application under § 1782. *See Esses,* 101 F.3d at 876; *see also Lo Ka Chun v. Lo To,* 858 F.2d 1564, 1565 (11th Cir.1988).

■ In this case, it would be a clear abuse of this Court's discretion to allow the present application. Obviously, what Mr. Al Fayed seeks to do is to make an end run around FOIA through the use of a § 1782 order. The Court recognizes that FOIA does not displace discovery in domestic civil litigation under the Federal Rules of Civil Procedure. *See Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1344 (D.C.Cir. 1984). But, as the *Friedman* court pointed out, where discovery is sought from the Government as a non-party, the courts "must

accord the proper weight" to statutes and policies such as FOIA that exempt certain material from public disclosure. *Id.* In some ordinary civil cases, the appropriate procedure might be to conduct *in camera* review of FOIA-exempt documents sought in discovery, but even *in camera* review might not be appropriate in cases where classified national security information is sought. *Id.* The Court also notes that the broad discretion vested in the federal courts under section 1782 does not necessarily bind them to the same result that would be reached in domestic litigation under the Federal Rules of Civil Procedure.

The allowance of the present application, in this Court's judgment, would be extremely ill-advised, given the careful and detailed balancing of private and governmental interests recognized in FOIA.[1] Even if this request had come directly from Juge Stephan, this Court would be extremely hesitant to order the deposition *duces tecum* of one of the United States Government's most sensitive and classified operations, or the production of specific classified documents on the basis of the sort of assertions set forth in this application.

### Conclusion

Thus, in the exercise of this Court's discretion, it hereby *denies* the application of Mr. Mohamed Al Fayed for an order requiring the National Security Agency to produce certain documents. An Order will be entered separately, so providing.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 4th day of February, 1999, by the Court, ORDERED:

That the application of Mohamed Al Fayed for an order directing issuance of a subpoena pursuant to 28 U.S.C. § 1782 BE, and it hereby IS, DENIED.

---

**1.** *See Administrator, Fed. Aviation Admin. v. Robertson,* 422 U.S. 255, 262, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975) (observing that FOIA was enacted to "provide a more workable and balanced formula that would make available information that ought to be public and, at the same time, protect certain information where confidentiality was necessary to protect legitimate governmental functions that would be impaired by disclosure").