16 F.3d 1016
 28 Fed.R.Serv.3d 200
 In re LETTERS ROGATORY FROM THE TOKYO DISTRICT PROSECUTOR'S
OFFICE, TOKYO, JAPAN.
Yoshikuni OKUBO; Kazuyoshi Miura, Appellants,
v.
Carolyn M. REYNOLDS, Assistant United States Attorney and
Co-Commissioner; Louis K. Ito, Assistant District
Attorney and Co-Commissioner, Appellees.
 Nos. 92-55856, 92-56217.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1993.
Decided Feb. 15, 1994.
 
 Gerson S. Horn, Beverly Hills, California, for the appellants.
 Carolyn M. Reynolds, Assistant United States Attorney, Los Angeles, California, for the appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: FLETCHER, PREGERSON, and NORRIS, Circuit Judges.
 WILLIAM A. NORRIS, Circuit Judge:
 
 
 1
 In 1981, Kazumi Miura, a Japanese citizen, was murdered while vacationing in Los Angeles. Suspicion eventually settled on her husband, Kazuyoshi Miura, who allegedly hired an associate, Yoshikuni Okubo, to murder Miura's wife in order to collect insurance proceeds.
 
 
 2
 In May 1988, the Tokyo District Prosecutor's Office began a criminal investigation of appellants, Miura and Okubo, and requested assistance from the United States Department of State in collecting evidence. The State Department forwarded the letter of request to the United States Attorney's Office for the Central District of California, which applied to the United States District Court for the Central District of California for an order pursuant to 28 U.S.C. Sec. 1782 (1988) (titled "Assistance to foreign and international tribunals and to litigants before such tribunals"). The district court granted the application and issued an order appointing appellees as co-commissioners to facilitate the gathering of evidence. The commissioners supervised the taking of witness depositions and the production of documentary and physical evidence. In November 1988, the Tokyo District Prosecutor's Office indicted appellants Okubo and Miura for murder.
 
 
 3
 In December 1991, appellants filed in the district court an Application for Discovery of the materials collected by the Tokyo District Prosecutor's Office. The magistrate who ruled on the application denied it because he believed that appellants could secure adequate discovery back in Japan. Later, citing a failure to discover necessary materials in Japan, appellants applied for discovery in the district court again. The same magistrate who had previously denied discovery this time granted the request. However, in June 1992, the district court vacated the magistrate's order granting discovery and reinstated the original order barring discovery.
 
 
 4
 In July 1992, appellants filed in the district court a Motion to Order Dismissal and Suppression and Return of Evidence. Appellants contended that the evidence was not collected in accordance with proper procedures. They requested that the district court suppress the evidence in the trial in Tokyo District Court, or in the alternative, order dismissal of that case. The district court denied that motion.
 
 
 5
 * On appeal, appellants first argue that the original district court order appointing the commissioners was void because the request was filed by the Tokyo District Prosecutor's Office, which appellants claim is not a "foreign or international tribunal" within the meaning of 28 U.S.C. Sec. 1782(a).[1]
 
 
 6
 Section 1782(a) reads:The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.
 
 
 7
 28 U.S.C. Sec. 1782(a) (1988) (emphasis added). Although the word "tribunal" is intended to be read broadly to include quasi-judicial and administrative bodies and foreign investigating magistrates, see In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1218-19 (9th Cir.1976), appellees concede that the Tokyo District Prosecutor's Office is not a "tribunal."
 
 
 8
 However, the Tokyo District Prosecutor's Office falls within the meaning of the phrase "any interested person." In 1964, Congress amended Sec. 1782 to increase federal courts' ability to assist foreign requests for evidence. In particular, it added the "any interested person" language, and the legislative history states that an "interested person" can be a "person designated by or under a foreign law, or a party to the foreign or international litigation." S.Rep. No. 1580, 88th Cong., 2d Sess. (1964), reprinted in 1964 U.S.C.C.A.N. 3782, 3789.
 
 
 9
 In In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151 (11th Cir.1988) (hereinafter Trinidad ), cert. denied, 488 U.S. 1005, 109 S.Ct. 784, 102 L.Ed.2d 776 (1989), the Eleventh Circuit held that Trinidad's Minister of Legal Affairs, who is responsible for the enforcement of Trinidad's Exchange Control Laws, was an "interested person," notwithstanding other federal court holdings that the Minister was not a "tribunal" for purposes of Sec. 1782. See id. at 1155 & n. 10. The D.C. Circuit, in In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686 (D.C.Cir.1989) (hereinafter United Kingdom,) held similarly that a "foreign legal affairs ministry, attorney general, or other prosecutor" fits squarely within the definition of "interested person." See id. at 689-90. Given the clear language and legislative history of the statute, we join in the reasoning of the Eleventh and D.C. Circuits and hold that the Tokyo Prosecutor's Office is an "interested person" who may apply for an order under 28 U.S.C. Sec. 1782.
 
 
 10
 Alternatively, appellants contend that even if the Tokyo District Prosecutor's Office constitutes an "interested person," a federal district court cannot issue an order granting assistance unless a case is currently pending in a foreign tribunal. We reject this argument because the requirement of pending litigation was explicitly deleted in the 1964 Amendments to Sec. 1782. See United Kingdom, 870 F.2d at 690; Trinidad, 848 F.2d at 1155.
 
 II
 
 11
 Appellants next argue that the evidence was collected in violation of the Federal Rules of Civil Procedure. The original district court order, which appointed the commissioners to help collect the requested evidence, failed to specify the procedures or practices to be followed. Accordingly, the clear language of Sec. 1782(a) bound the commissioners to follow the Federal Rules of Civil Procedure.[2]
 
 
 12
 Appellants complain that they should have been given notice about both the taking of witness statements and the collection of documentary evidence. First, as for the witness statements, appellants argue that Fed.R.Civ.P. 30, which governs the taking of depositions, was violated. In particular, Rule 30(b)(1) requires that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." No notice was given here.
 
 
 13
 In response, appellees try to argue that the statements taken were more akin to witness-adopted statements under the Jencks Act, 18 U.S.C. Sec. 3500(e)(1), than depositions. We disagree and believe that the statements taken pursuant to court order, under the cloak of official authority, were far more analogous to depositions than to Jencks Act statements. Furthermore, the clear language of Sec. 1782(a) states that any "testimony or statement " shall be taken in accordance with the Federal Rules of Civil Procedure when alternative rules are not prescribed. 28 U.S.C. Sec. 1782(a) (emphasis added). Finally, if this reference to the Jencks Act by the appellees is an invitation to apply the Federal Rules of Criminal Procedure, we decline the invitation given the clear mandate of the statute.[3]
 
 
 14
 Appellees also argue that Rule 27, not Rule 30, applies since no action was pending at the time the evidence was collected. This may well be true, but Rule 27 still requires notice of the deposition to be served upon all expected adverse parties, which included both appellants. See Fed.R.Civ.P. 27(a)(2). Again, no notice was given.
 
 
 15
 Second, appellants claim that documentary and physical evidence was also gathered without proper notice. Before the 1991 amendments to Fed.R.Civ.P. 45, the only way to collect documentary evidence from non-parties was through a subpoena duces tecum as authorized by Rule 45(b). But such a subpoena could not be issued independently of a deposition of the custodian of the documentary evidence. Because for each piece of documentary or tangible evidence collected, the custodian of that evidence had to be deposed, appellants should have received notice of these depositions pursuant to Rule 30(b)(1).[4]
 
 
 16
 In sum, notice requirements were violated in the collection of witness statements and documentary and physical evidence. Nevertheless, in a last-ditch attempt, appellees argue that we need not even consider the Federal Rules of Civil Procedure because all the evidence collected could come under the separate provision of 28 U.S.C. Sec. 1782(b). This section provides:
 
 
 17
 This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person in any manner acceptable to him.
 
 
 18
 28 U.S.C. Sec. 1782(b) (1988). Appellees' argument misconstrues the point of Sec. 1782(b). This section merely states that this chapter, 28 U.S.C. Secs. 1781-1784, does not bar individuals from voluntarily disclosing information. But the evidence in this case was gathered under the cloak of official authority, directed by commissioners appointed by a district court pursuant to Sec. 1782(a), and at times with the aid of additional, specific court orders.[5] Such evidence cannot be characterized as purely "voluntary" proffers of evidence within the meaning of Sec. 1782(b).
 
 III
 
 19
 Finally, we turn to the issue of remedies for appellees' violation of the Federal Rules of Civil Procedure by failing to give appellants notice of their collection of evidence. Since Sec. 1782 itself does not provide a statutory remedy for these circumstances, we are asked to fashion an equitable remedy. Appellants argue that the district court has expansive authority not only to suppress all evidence provided pursuant to Sec. 1782 in the Tokyo District Court trial but also to order the dismissal of the criminal trial proceedings in Tokyo. The court has such power, appellants contend, because the Tokyo District Prosecutor's Office submitted to the jurisdiction of the district court when it obtained the court's assistance in discovery. In support, appellants cite In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27 (S.D.N.Y.1991) (hereinafter Hong Kong ).
 
 
 20
 Although the facts of Hong Kong are similar to the facts before us, Hong Kong is distinguishable in one important respect: in that case, the evidence had not already been submitted to the foreign tribunal. Even if we were to adopt Hong Kong's analysis and hold that the Tokyo District Prosecutor's Office had submitted itself to the jurisdiction of the district court, this certainly does not mean that the Tokyo District Court had submitted itself similarly. The record shows that the evidence has already been introduced in the Japanese court and the case submitted for decision. The district court has no power to adopt and enforce an exclusionary rule of evidence for Japanese courts, and surely it has no power to dismiss a case pending in the Japanese judicial system.
 
 
 21
 In contrast to the Tokyo District Court, the commissioners are, without question, subject to the equitable powers of the district court that appointed them. Accordingly, appellants' remedy is a district court order directing the commissioners to provide copies of all witness statements--including affidavits, interviews, and depositions--and all documentary and physical evidence collected and still in the commissioners' possession.
 
 
 22
 Because the commissioners may have all the evidentiary materials appellants seek, we need not decide the difficult questions whether the district court can, as a matter of law, order the Tokyo District Prosecutor's Office to turn over evidence, and whether equity would so require on the facts of this case. We do note, however, that these questions raise serious concerns of international comity,[6] because by ordering the Tokyo District Prosecutor's Office to turn over evidence--something it need not do under Japanese law--we would risk sending a message of disrespect for Japanese laws and procedures.[7]
 
 CONCLUSION
 
 23
 The Tokyo Prosecutor's office had authority to apply as an "interested person" for assistance under 28 U.S.C. Sec. 1782. However, the evidence was taken in violation of notice provisions of the Federal Rules of Civil Procedure. As the remedy, we vacate the two district court orders on appeal and remand for further proceedings consistent with this opinion.
 
 
 
 [1]
 The district court's orders made pursuant to Sec. 1782 are final, and thus appealable under 28 U.S.C. Sec. 1291. See, e.g., In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1218 (9th Cir.1976) (reviewing a motion to vacate a stay of discovery ordered under Sec. 1782); In re Letters of Request to Examine Witnesses from the Court of Queen's Bench for Manitoba, Canada, 488 F.2d 511, 512 (9th Cir.1973) (per curiam) (reviewing order issued pursuant to a letter rogatory)
 
 
 [2]
 Section 1782(a) provides that: "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."
 
 
 [3]
 In addition to the clear language of the statute, the legislative history makes clear that "[i]f the court fails to prescribe the procedure, the appropriate provisions of the Federal Rules of Civil Procedure are to be followed, irrespective of whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature." S.Rep. No. 1580, 88th Cong., 2d Sess. (1964), reprinted in 1964 U.S.C.C.A.N. 3782, 3789
 
 
 [4]
 In 1991, Rule 45 was revised to "authorize[ ] the issuance of a subpoena to compel a non-party to produce evidence independent of any deposition." 1991 Amendment Notes of Advisory Committee on Rules. The Rule also adopted a special notice requirement in these circumstances. "Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Fed.R.Civ.P. 45(b)(1)
 
 
 [5]
 For example, the commissioners secured an Order to Clear Street of Trash Receptacle, so that they could attempt to re-create the crime scene
 
 
 [6]
 See Grunfeder v. Heckler, 748 F.2d 503, 509 (9th Cir.1984) (en banc) ("Absent an expression of congressional intent to the contrary, considerations of courtesy and mutuality require our courts to construe domestic legislation in a way that minimizes interference with the purpose or effect of foreign law.")
 
 
 [7]
 Cf. In re Application of Asta Medica, S.A., 981 F.2d 1, 7 (1st Cir.1992) (allowing discovery in the United States, under Sec. 1782, of materials not discoverable under foreign law could lead "some nations to conclude that United States courts view their laws and procedures with contempt.")