235 F.3d 1200 (9th Cir. 2000)
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
SEALED 1, Letter of Request for Legal Assistance from the Deputy Prosecutor General of The Russian Federation,
pursuant to an agreement between The Government of The United States of America and The Government of the Russian Federation on Cooperation In Criminal Law Matters In the Criminal Matter of, Defendant-Appellant.
 No. 00-35347
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted October 3, 2000
Filed November 1, 2000
Amended December 12, 2000
 
 Angelo J. Calfo of Yarmuth Wilsdon Calfo PLLC, for defendant-appellant Sealed 1.
 Charles S. Greene, III, Office of International Affairs, United States Department of Justice, for plaintiff-appellee United States of America.
 Appeal from the United States District Court for the Western District of Washington Robert S. Lasnik, District Judge, Presiding. D.C. No.CV-00-328--RSL
 Before: Alfred T. Goodwin, Arthur L. Alarcon, and M. Margaret McKeown, Circuit Judges.
 
 ORDER
 
 1
 The Opinion filed November 1, 2000 [231 F.3d 484], is amended as follows:
 
 
 2
 1. On page 13896 of the slip opinion, delete footnote 3 in its entirety.
 
 
 3
 2. On page 13896 opf the slip opinion, immediately following the paragraph that ends, "in such a tribunal.")", add the following, in the main text:
 
 
 4
 Appellant voiced concern during oral argument that the lack of an imminence requirement would allow foreign governments, including some that provide far fewer protections for targets of criminal investigations than we do, to conduct "fishing expeditions" in the U.S. This is a legitimate fear, but we note that the statute provides considerable discretion to district courts to decline to order U.S. authorities to assist in situations where the foreign government has, for example, insufficient basis to believe that evidence may be found here, or is simply seeking to harass political opponents. See 28 U.S.C. 1782 ("The district court . . . may order . . .") (emphasis added). We note further that the imposition of an imminence requirement would not necessarily address Appellant's concerns. A foreign government attempting to use 1782 in bad faith could simply assert that a proceeding is imminent, even if that were not true, or even if such a step were not yet warranted under that nation's laws. Far more important than whether the foreign proceeding is imminent is whether there is substance to the allegations, and whether the foreign government is proceeding in good faith.
 
 
 5
 The fact that 1782 authorizes assistance does not mean that the district court must exercise its discretion to grant such assistance. The district courts are in the best position to review the details of the request and to determine whether judicial assistance is justified. See In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1154 (11th Cir. 1988) ("Congress has given the district courts broad discretion in granting judicial assistance to foreign countries.").
 
 
 6
 The language of 1782 itself does not provide specific guidance to district courts in exercising such discretion. The accompanying legislative history, however, does articulate several factors that district courts may consider in deciding whether to grant assistance under the statute: "[T]he court may take into account the nature and attitudes of the government of the country from which the request emanates and the character of the proceedings in that country." S. Rep. No. 881580, 88th Cong., 2d Sess. (1963), reprinted in 1964 U.S.C.C.A.N. 3782, 3788.
 
 
 7
 Professor Smit, who played a role in the drafting of the 1964 amendments, further suggests that "A refusal to grant assistance under Section 1782 may also be based on the district court's finding that, in some way, the foreign proceedings are unfair or incompatible with domestic notions of propriety. But caution in that regard is warranted, because American courts should not condemn foreign proceedings merely because they are different from those conducted in, or unknown to, American Courts." Hans Smit, American Assitance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1 (1998).
 
 
 8
 The panel has also unanimously voted to deny Appellant's petition for panel rehearing.
 
 OPINION
 McKEOWN, Circuit Judge:
 
 9
 The tax man cometh -all the way from Russia. But Appellant asserts that his journey was not authorized by U.S. law, specifically 28 U.S.C. 1782, which governs formal assistance to foreign criminal investigations. Appellant, whose identity is confidential and under seal, argues that 1782 does not permit such assistance until an actual foreign criminal proceeding is "imminent." We disagree; neither the plain language of the statute nor Ninth Circuit precedent imposes an imminence requirement. We therefore affirm the district court's denial of Appellant's motion to dismiss proceedings conducted by the United States Attorney for the Western District of Washington, acting as Commissioner pursuant to 1782.
 
 DISCUSSION
 
 10
 Because our primary task here involves interpretation of a statute, requiring purely legal analysis, and because the details of this matter are under seal, we do not recite the factual background of the case. Nor is a recitation necessary to our legal discussion except to say that the Russian Federation sought U.S. assistance in connection with an ongoing criminal investigation of alleged tax fraud.
 
 
 11
 We have jurisdiction pursuant to 28 U.S.C. 1291. "The district court's orders made pursuant to 1782 are final, and thus appealable under 28 U.S.C. 1291." In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office, Tokyo, Japan (Okubo), 16 F.3d 1016, 1018 n.1 (9th Cir. 1994). We review de novo questions of statutory interpretation. See United States v. Doe, 136 F.3d 631, 634 (9th Cir. 1998).
 
 I. Historical Background
 
 12
 To understand the current version of 1782[1] in context, a brief history is in order. The modern foreign assistance statute can be traced to the late 1940s, when Congress twice amended the then-existing law by eliminating a requirement that the foreign government be a party to the proceeding and by stating that the law applies to "any judicial proceeding pending in any court in a foreign country." See Pub. L. No. 80-773, 62 Stat. 869, 949 (June 25, 1948); Pub. L. No. 81-72, 63 Stat. 89, 103 (May 24, 1949); see also Steven M. Saraisky, Comment, How to Construe Section 1782: A Textual Prescription to Restore the Judge's Discretion, 61 U. Chi. L. Rev. 1127, 1131 (1994).
 
 
 13
 The next revision to 1782 came in 1964 when, following suggestions made by the Congressionally-appointed Commission and Advisory Committee on International Rules of Judicial Procedure, and responding to critics who charged that the statute was ineffective, Congress amended the statute once again. See Pub. L. No. 88-619, 78 Stat. 995, 997 9 (Oct. 3, 1964); Saraisky, supra, at 1131-32. The 1964 amendments enacted a number of important changes, all serving to loosen the statute's requirements: substituting the word "tribunal" for "judicial proceedings," in order to clarify that the law applied to administrative and quasi-judicial proceedings; broadening the class of those who could request assistance; and granting district courts broad discretion to act upon foreign requests for assistance. See In re Letters Rogatory from the Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1218 (9th Cir. 1976) ("The statute . . . has had a history which reflects a desire on the part of Congress to increase the power of district courts to respond to letters rogatory."); Saraisky, supra, at 1132-33. Also of significance, the 1964 statute eliminated a requirement that the foreign proceeding be "pending." Instead, according to the Reporter to the Congressional Commission, all that was necessary for the statute to apply was that "the evidence is eventually to be used in such a proceeding." Hans Smit,International Litigation Under the United States Code, 65 Colum. L. Rev. 1015, 1026 (1965).
 
 II. Interpretations of the 1964 Amendments
 
 14
 In the years following the 1964 amendments, courts in other circuits acknowledged the elimination of the "pending" requirement, but some only reluctantly so. Several circuits, most notably the Second and Eleventh, grafted on toS 1782 a variety of requirements that stopped just short of "pending," apparently motivated by concern that foreign governments not simply conduct fishing expeditions in American waters. See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1155-56 (11th Cir. 1988) ("[T]he determination to grant assistance turns not on whether the proceeding is pending but on whether the requested evidence will likely be of use in a judicial proceeding. . . . The district judge should satisfy himself that a proceeding is very likely to occur.") (emphasis added); In re Request for International Judicial Assistance (Letter Rogatory) for the Federative Republic of Brazil, 936 F.2d 702, 706 (2d Cir. 1991) ("we think it prudent . .. to require that adjudicative proceedings be imminent--very likely to occur and very soon to occur") (emphasis added). Notably, however, the District of Columbia Circuit has adopted a less restrictive view of 1782. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom , 870 F.2d 686, 687 (D.C. Cir. 1989) (R. B. Ginsburg, J.) ("it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made") (emphasis added).
 
 III. The 1996 Amendment
 
 15
 Of central relevance to this case, Congress most recently amended 1782 in 1996 by adding the phrase "including criminal investigations conducted before formal accusation" to the scope of foreign investigations to which the U.S. is authorized to provide formal assistance. Appellant urges us to read an "imminence" requirement into the current version of 1782. We decline to do so, based on the statutory language and Ninth Circuit precedent.
 
 
 16
 Focusing on the plain language of the statute, as we must, see Tang v. Reno, 77 F.3d 1194, 1196 (9th Cir. 1996), we note that the word "imminent" does not appear. Surely, had Congress wanted to authorize assistance to foreign investigations only when foreign proceedings are imminent, it could have said so. It is also impossible to read an imminence requirement into the statute following the 1996 amendment to 1782 (authorizing assistance in "criminal investigations conducted before formal accusation") without leading to anabsurd result. Appellant's insistence on "imminence" would create an untenable Catch-22 for foreign law-enforcement authorities seeking U.S. aid: investigators would be unable to receive such help before proceedings actually became imminent, and yet the proceedings might never become imminent because the investigators would be stymied in collecting evidence necessary to justify the filing of criminal charges. Appellant's interpretation of the statute would, in effect, preclude assistance under 1782 before the filing of actual criminal charges. That result, of course, is in direct conflict with the plain language of the 1996 amendment.[2]
 
 
 17
 Even before the 1996 amendment, we never read an imminence requirement into 1782. Instead, the Ninth Circuit had required only that "the investigation in connection with which the request is made must relate to a judicial or quasi judicial controversy." In re Request for Judicial Assistance From the Seoul Dist. Criminal Court, Seoul, Korea , 555 F.2d 720, 723 (9th Cir. 1977) (citing In re Letters of Request to Examine Witnesses from the Court of Queen's Bench for Manitoba, Canada, 488 F.2d 511, 512 (9th Cir. 1973)). We upheld assistance in situations where, although there was an ongoing criminal investigation, no charges or proceeding were imminent. See In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office, Tokyo, Japan (Okubo), 16 F.3d 1016 (9th Cir. 1994) (approving U.S. assistance in Japanese murder investigation before charges filed); In re Letters Rogatory From the Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1217 (9th Cir. 1976) (approving U.S. assistance in taking depositions "to be used in criminal investigations and possible future criminal trials in Japan."); cf. Korea , 555 F.2d at 723 ("[u]nder the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.").
 
 
 18
 Appellant voiced concern during oral argument that the lack of an imminence requirement would allow foreign governments, including some that provide far fewer protections for targets of criminal investigations than we do, to conduct "fishing expeditions" in the U.S. This is a legitimate fear, but we note that the statute provides considerable discretion to district courts to decline to order U.S. authorities to assist in situations where the foreign government has, for example, insufficient basis to believe that evidence may be found here, or is simply seeking to harass political opponents. See 28 U.S.C. 1782 ("The district court . . . may order . . .") (emphasis added). We note further that the imposition of an imminence requirement would not necessarily address Appellant's concerns. A foreign government attempting to use 1782 in bad faith could simply assert that a proceeding is imminent, even if that were not true, or even if such a step were not yet warranted under that nation's laws. Far more important than whether the foreign proceeding is imminent is whether there is substance to the allegations, and whether the foreign government is proceeding in good faith.
 
 
 19
 The fact that 1782 authorizes assistance does not mean that the district court must exercise its discretion to grant such assistance. The district courts are in the best position to review the details of the request and to determine whether judicial assistance is justified. See In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1154 (11th Cir. 1988) ("Congress has given the district courts broad discretion in granting judicial assistance to foreign countries.").
 
 
 20
 The language of 1782 itself does not provide specific guidance to district courts in exercising such discretion. The accompanying legislative history, however, does articulate several factors that district courts may consider in deciding whether to grant assistance under the statute: "[T]he court may take into account the nature and attitudes of the government of the country from which the request emanates and the character of the proceedings in that country." S. Rep. No. 881580, 88th Cong., 2d Sess. (1963), reprinted in 1964 U.S.C.C.A.N. 3782, 3788.
 
 
 21
 Professor Smit, who played a role in the drafting of the 1964 amendments, further suggests that "A refusal to grant assistance under Section 1782 may also be based on the district court's finding that, in some way, the foreign proceedings are unfair or incompatible with domestic notions of propriety. But caution in that regard is warranted, because American courts should not condemn foreign proceedings merely because they are different from those conducted in, or unknown to, American Courts." Hans Smit, American Assitance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1 (1998).
 
 
 22
 In sum, neither the plain language of 1782 nor Ninth Circuit precedent requires us to read into the statute an imminence requirement, and we will not do so here.
 
 IV. Abuse of Discretion
 
 23
 Finally, Appellant challenges the issuance of the order on the grounds that there is no ongoing criminal investigation under 1782. We review application of 1782 to the facts of the case for abuse of discretion. See Korea, 555 F.2d at 724 ("We find no abuse of discretion in honoring the request [for foreign assistance] under these circumstances."); see also In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1154 (11th Cir. 1988) ("Since Congress has given the district courts broad discretion in granting judicial assistance to foreign countries, we may overturn a district court's grant of such assistance only if it is an abuse of discretion.").
 
 
 24
 The district court was provided with certain letters from Russian authorities. We have reviewed the same documents and have no reason to doubt the district court's analysis. We find no abuse of discretion in the district court's denial of Appellant's motion to dismiss proceedings by the Commissioner.
 
 
 25
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Section 1782 currently reads, in relevant part:
 S 1782. Assistance to foreign and international tribunals and to litigants before such tribunals
 (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.
 (Amended by Pub. L. No. 104-106, Div. A, Title XIII,S 1342(b), 110 Stat. 486, 486 (1996).
 
 
 [2]
 Appellant cites one case, In re Euromepa, 154 F.3d 24 (2d Cir. 1998) for the proposition that the imminence requirement survives the 1996 amendment to 1782. Euromepa is not relevant here, however, for the simple reason that it is a civil case, and the 1996 amendment refers specifically to criminal investigations. There does not appear to be any reported case, from any circuit, specifically addressing whether the imminence requirement survives the 1996 amendment to 1782 in a criminal case. As we explain below, however, imminence has never been a requirement in the Ninth Circuit.