11-2584-cv; 11-3808-cv
Gushlak v. Gushlak; Gushlak v. Furman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT:
        RALPH K. WINTER,
        CHESTER J. STRAUB,
        DENNY CHIN,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

DEBBIE GUSHLAK,
        Petitioner-Appellee,

              -v.-

MYRON L. GUSHLAK,                            11-2584-cv
        Respondent-Appellant,

DUKE TERRELL, WARDEN, DAVID LUBIN,
YELENA FURMAN,
        Respondents.

- - - - - - - - - - - - - - - - - - - -x

DEBBIE GUSHLAK,
        Petitioner-Appellee,

              -v.-

YELENA FURMAN,                              11-3808-cv
        Respondent-Appellant,

DUKE TERRELL, WARDEN, DAVID LUBIN,
MYRON L. GUSHLAK,
        Respondents.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLEE:          SHERYL E. REICH (Gerald B.
                                  Lefcourt, on the brief), Gerald B.
                                  Lefcourt, P.C., New York, New York.

FOR RESPONDENTS-APPELLANTS:       NATALIE A. NAPIERALA (Brian Rosner,
                                  on the brief), Rosner & Napierala,
                                  LLP, New York, New York, for Myron
                                  L. Gushlak.

                                  Bettina Schein, New York, New York;
                                  Alan Samuel Futerfas, Law Offices
                                  of Alan S. Futerfas, New York, New
                                  York, for Yelena Furman.

Appeals from orders of the United States District Court for the Eastern District of New York (Garaufis, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Respondent-appellees Myron Gushlak ("Gushlak") and Yelena Furman ("Furman") appeal from orders of the district court granting Debbie Gushlak's petition for an order of judicial assistance, under 28 U.S.C. § 1782, to obtain discovery in connection with a foreign legal proceeding -- a divorce proceeding against Gushlak in the Cayman Islands. The district court entered separate orders as to Gushlak and Furman on June 23 and August 17, 2011, respectively. As the two appeals arise from the same petition for judicial assistance, we resolve them together in this summary order.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of a district court's grant of a § 1782 petition is two-fold. See Brandi-Dohrn v. IKB Deutsche

-2-

Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012). First, we review de novo the district court's determination that the petition met the statutory requirements of § 1782. Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24, 27 (2d Cir. 1998). Second, if we agree that the requirements were met, we then review the district court's grant of the petition for abuse of discretion. Id.

We have reviewed the record below and the parties' arguments on appeal in light of these principles. We conclude that the petition satisfied the statutory requirements of § 1782, and that the district court did not abuse its discretion in granting the petition as to both respondents. We address the arguments of Gushlak and Furman in turn below.

**1. Gushlak**

Gushlak does not challenge the merits of the petition, but rather contends, inter alia, that the district court deprived him of his due process rights and abused its discretion in granting the petition purportedly without notice one day prior to the return date on the court's order to show cause. We reject this argument.

First, it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3). See, e.g., Brandi-Dohrn, 673 F.3d at 78 (reviewing district court's grant of

-3-

motion to quash subsequent to ex parte grant of § 1782 petition); In re Edelman, 295 F.3d 171, 173-75 (2d Cir. 2002) (same); Nat'l Broad. Co. v. Bear Stearns & Co., 165 F.3d 184, 186 (2d Cir. 1999) (same); see also In re Letters Rogatory from Tokyo Dist., 539 F.2d 1216, 1220 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte.").  Accordingly, Gushlak's contention that he "was entitled to respond to the [§ 1782] [a]pplication both factually and legally and have his response considered by the district court as part of its plenary consideration of the [a]pplication" (Gushlak Reply Br. 11) is without merit.

Second, by issuing an order to show cause, the district court provided Gushlak with notice -- indeed, more notice than is customary in a § 1782 proceeding.  The district court entered its order to show cause on May 9, 2011, laying out a schedule.  A scheduling order was issued on June 9, 2011, resetting the dates, and directing Gushlak (and other putative witnesses) to file any opposition by June 24, 2011.  An exchange of correspondence followed in which Debbie Gushlak expressed concern that Gushlak would be moved out of the district (and beyond the district court's jurisdiction) before the matter could be heard. Apparently because of these timing concerns, the district court issued its order on June 23, 2011, granting the application. While it is true, as Gushlak notes, that the district court directed Gushlak to move to quash by June 24, 2011, the next day, June 24th was the day by which Gushlak had been ordered (on June

-4-

9, 2011) to submit his opposition papers. Hence, the district court was merely adhering to the date previously set for opposition. Moreover, the district court did not require compliance with the subpoena for an additional sixty days, allowing Gushlak time to seek an extension or other relief. Gushlak, instead, chose to exercise his right to appeal, and filed a notice of appeal on June 24th.

Finally, we note that Gushlak fails to offer any cogent argument as to the merits. His assertion that "this matter does not merit the time and attention of Article III courts" (Gushlak Reply Br. 15) is unavailing.

## 2. **Furman**

Furman appeals the district court's grant of the petition on the merits, asserting, <u>inter alia</u>, that the district court abused its discretion in granting the petition because the petition lacked sufficient factual support and contradicted the purpose and intent of § 1782. We disagree.

Pursuant to the statutory requirements of § 1782, a district court may order a person to produce discovery in a foreign legal proceeding if (1) the person resides in the district of the district court to which the application is made; (2) the discovery is for use in the foreign legal proceeding; and (3) the application is made by a "foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782; <u>see also</u> <u>Schmitz v. Bernstein Liebhard & Lifshitz, LLP</u>, 376 F.3d 79, 83–84 & n.3 (2d Cir. 2004).

If these requirements are met, the court must exercise its discretion "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  Schmitz, 376 F.3d at 84 (citations and internal quotation marks omitted).  The district court must also consider the four factors outlined by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc.: (1) whether the person from whom discovery is sought is within the jurisdictional reach of the foreign tribunal; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of [the tribunal] to U.S. federal-court judicial assistance"; (3) whether the § 1782 petition "conceals an attempt to circumvent" discovery rules of the foreign country or the United States; and (4) whether the discovery request is "unduly intrusive or burdensome."  542 U.S. 241, 264-65 (2004).

First, as an initial matter, we note that Furman does not dispute the district court's finding that the petition satisfies the statutory requirements of § 1782.  Indeed, upon an independent review of the record below, we agree that the petition meets these requirements.

Second, we conclude that the district court did not abuse its discretion in granting the petition.  It carefully weighed the Intel factors and appropriately limited the petitioner's broad discovery request to documentation relevant to

–6–

assets under Gushlak's control -- i.e., the subject of Debbie Gushlak's inquiry.  Further, in considering the jurisdictional reach of the Grand Cayman court over Furman, the district court's conclusion that the first <u>Intel</u> factor "weigh[ed] in favor of granting the requested discovery" was not outside "the range of permissible decisions."  <u>Brandi-Dohrn</u>, 673 F.3d at 79-80 (citation and internal quotation marks omitted).  The court observed that Furman resides in New York and documents in her possession could be located in New York.

**CONCLUSION**

We have considered Gushlak's and Furman's remaining arguments on appeal and find them to be without merit.[1] Accordingly, the orders of the district court are hereby **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[1]     Under Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and our own inherent authority "to consider sanctions on parties who pursue patently frivolous appeals and force [us] to consider -- and [the appellees] to defend -- vexatious litigation, we may, with adequate notice and opportunity to be heard, impose sanctions <u>nostra sponte</u>."  <u>Gallop v. Cheney</u>, 642 F.3d 364, 370 (2d Cir. 2011).  Although we make no particular findings and decline to impose sanctions at this time, we wish to caution counsel for Furman and Gushlak about the filing of multiple frivolous appeals.