**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ASTRONICS ADVANCED
ELECTRONICS SYSTEMS CORP.,

              Petitioner - Appellant,

   v.

LUFTHANSA TECHNIK AG,

              Respondent - Appellee.

No. 12-35820

D.C. No. 2:12-cv-00776-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 7, 2014
Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges, and KOBAYASHI, District
Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Leslie E. Kobayashi, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

Astronics Advanced Electronic Systems Corporation (AES) filed a petition under 28 U.S.C. § 1782 in the Western District of Washington seeking discovery from Lufthansa Technik AG (Lufthansa) for use in a court proceeding in Mannheim, Germany. The district court expressed doubt that Lufthansa could be "found" in the Western District of Washington within the meaning of § 1782, concluded that § 1782 did not authorize the district court to compel the production of documents located outside the United States, and declined to exercise its discretion to compel discovery. AES appeals.

"[O]rders made pursuant to § 1782 are final, and thus appealable under 28 U.S.C. § 1291." *In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1018 n.1 (9th Cir.1994). We review the district court's interpretation of § 1782 de novo. *U.S. v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1203 (9th Cir. 2000). But we review the district court's decision not to honor a request for assistance under § 1782 for abuse of discretion. *Four Pillars Enters. Co., v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).

We begin by noting that the district court had personal jurisdiction over the parties to adjudicate the § 1782 petition. Having consented to the district court's authority to compel discovery for use in the Mannheim proceeding by filing its

2

own § 1782 motion in the Western District of Washington, Lufthansa sufficiently availed itself of the benefits of the forum to establish the district court's jurisdiction to adjudicate AES's § 1782 request. *See Yahoo! Inc. v. La Ligue Contra Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205–06 (9th Cir. 2006) (en banc) (per curiam) (laying out three-prong test for specific jurisdiction). In any case, Lufthansa does not argue on appeal that the district court erred by reaching the merits of the petition or that the case should be dismissed for lack of jurisdiction. It has therefore waived any objection to the district court's personal jurisdiction in this case. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.").

"The courts have stressed that, even if [the absolute requirements of § 1782] are met, a district court still retains the discretion to deny a request." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). In this case, many or all of the documents AES seeks are located in Germany, where the Mannheim action is pending. Of particular interest to AES is a licensing agreement between Lufthansa and a third party. AES sought discovery of this license in the German court and was denied because the German court

3

deemed it irrelevant. We agree with the district court that "[t]he German courts are best situated to adjudicate any dispute as to discovery of those documents, and any order of this Court granting discovery of documents located in Germany would conflict with the Mannheim court." AES argues that it should have been granted discovery under § 1782 because Lufthansa's § 1782 petition was granted by the same court. But, unlike the discovery requested by AES, the German court has not previously denied the discovery requested by Lufthansa. The district court did not abuse its discretion by denying AES's § 1782 petition. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) (listing factors to consider when determining whether § 1782 petition should be granted).

Because the district court did not abuse its discretion by denying discovery in this case, we need not rule on whether Lufthansa can be "found" in the Western District of Washington within the meaning of § 1782 or whether § 1782 can ever support discovery of materials outside the United States.

We AFFIRM the judgment of the district court.