**IN RE Application of RIVADA NETWORKS Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.**

Case No. 1:16–mc–24

United States District Court,
E.D. Virginia.

Signed 01/30/2017

Ryan Donley Brady, White & Case LLP (DC), Washington, DC, for Petitioner.

Elizabeth Anne Scully, Baker & Hostetler LLP, Washington, DC, for Defendant.

### ORDER

T. S. Ellis, III, United States District Judge

This matter arises from an application filed by Petitioner, Rivada Networks ("Rivada"), pursuant to 28 U.S.C. § 1782 seeking permission to serve two subpoenas in the Eastern District of Virginia to obtain documents and deposition testimony for use in both a constitutional appeal and a potential civil lawsuit in Mexico. That application was granted and two subpoenas issued, pursuant to which a deposition commenced, but was not completed. Importantly, however, the subpoenas were executed and the deposition commenced without notice to Altan Redes, S.A.P.I. de

C.V. ("Altan Redes"), an entity that is now a party to the Mexican constitutional appeal and a potential defendant in Rivada's contemplated civil lawsuit in Mexico. At issue here is Altan Redes's motion filed pursuant to 28 U.S.C. § 1782 and Rules 24, 26, 27, and 45, Fed. R. Civ. P. In essence, Altan Redes seeks to intervene in this matter and requests an order (i) preventing Rivada from using the deposition testimony in Mexican courts or in the media, and (ii) permitting Altan Redes to cross-examine the witness in the deposition ongoing in this district.

### I.

The underlying dispute between Rivada and Altan Redes stems from a recent bidding war for a government telecommunications contract in Mexico. Rivada, one of the unsuccessful bidders, contends that Altan Consortium, the predecessor to Altan Redes,[1] may have rigged the bidding process by gaining improper access to confidential government documents. Specifically, Rivada contends that the Mexican government agency in charge of the bidding process, the Secretariat of Communications and Transportation ("SCT"), had prepared a confidential Business Model setting forth standards by which each bid would be evaluated. According to Rivada, Altan Consortium somehow obtained and used this Business Model to craft the winning contract bid.

Rivada, believing the bidding process to have been unfair, filed a constitutional appeal in Mexican federal court. Thereafter, on December 5, 2016, Rivada filed in this district an *ex parte* application pursuant to 28 U.S.C. § 1782,[2] to serve two subpoe-

---

1. In October 2016, Altan Consortium was created for purposes of preparing, financing, and submitting a bid for the Mexican government contract.

2. Section 1782 provides in pertinent part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations

nas—one to conduct a deposition and .the other to produce relevant documents, information, or objects—on Brett Haan, an individual residing in Northern Virginia who helped prepare the SCT's Business Model. In support of its § 1782 application, Rivada represented that the documents and testimony to be subpoenaed were "crucial pieces of evidence" in Rivada's constitutional appeal, and that Rivada was "contemplating civil and other judicial proceedings in Mexico." [3]

Either that same day—December 5, 2016—or the next, members of Altan Consortium formed Altan Redes. [4] Thereafter, on December 9, 2016, a magistrate judge in this district granted Rivada's § 1782 application. *In re Application of Rivada Networks*, No. 1:16–mc–24 (E.D. Va. Dec. 9, 2016) (Order). Ten days later, on December 19, the magistrate judge granted a motion to compel compliance with the deposition subpoena. *Id.* (E.D. Va. Dec. 19, 2016) (Order). On the following day, December 20, 2016, the deposition of Brett Haan commenced. Neither Altan Consortium nor Altan Redes was provided notice of the deposition or the subpoenas. Subsequently, on December 27, 2016, Altan Redes filed the instant motion, and a week later, on January 4, 2017, a Mexican federal court permitted Altan Redes to appear in Rivada's constitutional appeal. Rivada has already submitted portions of Mr. Haan's testimony to the Mexican federal court presiding over Rivada's appeal.

Altan Redes, in the instant motion, claims to have been an expected adverse party to the ongoing and potential litigation in Mexico. Thus, according to Altan Redes, Rivada should have provided Altan Redes notice of the subpoenas and Haan deposition as required by the Federal Rules of Civil Procedure. In this regard, Altan Redes points to § 1782 itself, which provides, "To the extent that the order [granting a § 1782 application] does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782. Altan Redes now seeks the following relief: (i) an order prohibiting Rivada from using the Haan deposition transcript in any proceeding until Altan Redes has an opportunity to cross–examine the witness; (ii) an order requiring Rivada to provide future notice of any § 1782 discovery requests; (iii) a protective order pursuant to Rule 26(c), Fed. R. Civ. P., limiting Rivada's use of discovery to the litigation for which the discovery is requested; and (iv) an order requiring Rivada to provide Altan Redes with access to all materials produced in response to the subpoena for documents and tangible things.

In response, Rivada contends (i) that the matter is moot and that Altan Redes lacks standing to challenge the § 1782 request, and (ii) that neither § 1782 nor the Feder-

conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

**3.** *In re Application of Rivada Networks*, 1:16–mc–24 (E.D. Va. Dec. 5, 2016) (Doc. 2).

**4.** The parties dispute whether Altan Redes was formed on December 5 or December 6, and the record is unclear on the actual date of incorporation. In any event, this discrepancy is immaterial to the disposition of the instant motion.

al Rules of Civil Procedure required Rivada to provide Altan Redes notice.

## II.

■ Analysis properly begins with Rivada's arguments regarding subject matter jurisdiction because without jurisdiction there is no power to adjudicate any issues. *See S. Walk at Broadlands Homeowner's Assoc., Inc. v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 185 (4th Cir. 2013) ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). For the reasons that follow, Altan Redes has made the requisite showing of subject matter jurisdiction.

■ A federal court lacks subject matter jurisdiction to adjudicate a case when the matter is moot or the claimant lacks Article III standing.[5] As the Fourth Circuit has observed, "the doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008). A case is moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (citation omitted). In this respect, mootness is like the doctrine of standing; indeed, the Supreme Court has described mootness "as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quotation marks omitted). To establish

the "'irreducible constitutional minimum' of standing," a party must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* —— U.S. ——, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

■ Here, Altan Redes has demonstrated that subject matter jurisdiction exists. Altan Redes has standing because it has shown: (i) an injury in fact—e.g., the detrimental risk that Rivada is using § 1782 and a deposition improperly to support an existing or imminent litigation against Altan Redes; (ii) that this injury is fairly traceable to Rivada's conduct; and (iii) that this injury is likely to be redressed by a favorable judicial decision—e.g., an order granting Altan Redes an opportunity to examine Mr. Haan in the ongoing deposition and to inspect any subpoenaed documents. And Altan Redes's standing has "continued throughout" this litigation, *see Arizonans,* 520 U.S. at 68 n.22, 117 S.Ct. 1055, such that the matter is not moot. Indeed, Rivada may well use the information it obtains under § 1782 against Altan Redes, either in the ongoing constitutional appeal or in "contemplate[ed] civil ... proceedings in Mexico,"[6] and proper relief— such as an Order providing Altan Redes an opportunity to cross-examine the deponent—may still be granted. In fact, Rivada has disclosed that the Haan deposition may still be reopened, as Rivada has not

---

**5.** The Supreme Court recently granted *certiorari* in *Laroe Estates, Inc. v. Town of Chester,* presumably to resolve a circuit split on whether a proposed intervenor invoking Rule 24, Fed. R. Civ. P., must independently show Article III standing when the existence of a case or controversy has already been established in the underlying litigation. *See* 828 F.3d 60 (2d Cir. 2016), *cert. granted,* 137 S.

Ct. 810, 2017 WL 125674 (U.S. Jan. 13, 2017) (No. 16–605). Assuming without deciding that Altan Redes must show constitutional standing here, there is no doubt that Altan Redes has met that burden.

**6.** *In re Application of Rivada Networks,* 1:16–mc–24 (E.D. Va. Dec. 5, 2016) (Brief in Support of Rivada's § 1782 Request).

used the full 7 hours allotted by Rule 30(d), Fed. R. Civ. P.

■ Moreover, Altan Redes may intervene in this matter, as it is well-settled that a "part[y] against whom the requested information will be used … has standing to challenge the issuance of § 1782 subpoenas under the Rules of Civil Procedure and under the statute itself." *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 U.S. Dist. LEXIS 142361, at *6 (S.D.N.Y. Sept. 17, 2015) (citing *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997); *In re Letter Rogatory from Justice Court, Montreal*, 523 F.2d 562, 564 (6th Cir. 1975)). And, as Justice Ginsburg put it while she was still a member of the D.C. Circuit, the "precedent in point is uniform" that a person "against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused." *See In re Letter of Request From Crown Prosecution Serv.*, 870 F.2d 686, 689 (D.C. Cir. 1989).

■ Nor is there any doubt that Rule 24, Fed. R. Civ. P., supports granting Altan Redes intervention in this matter. Specifically, Rule 24(a) provides that a party is entitled to intervention as a matter of right if (i) the movant has an interest in the subject matter of the action; (ii) the protection of this interest would be impaired because of the action; and (iii) the movant's interest is not adequately represented by existing parties to the litigation. Fed. R. Civ. P. 24(a)(2); *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991). And Rule 24(b) provides for permissive intervention if the party seeking to intervene

has filed a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b), Fed. R. Civ. P. Importantly, the decision whether to grant permissive intervention is a matter "within the sound discretion of the trial court." *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003). Here, there is no question that Altan Redes's motion to intervene is timely, because Altan Redes filed the instant motion within one week of finding out that the Haan deposition had taken place. *See, e.g.*, *Hornbeam*, 2015 U.S. Dist. LEXIS 142361, at *7 (delay of one month was timely under Rule 24). And although there may be some basis to dispute whether Rule 24(a) applies,[7] there is no doubt that Rule 24(b) fits this case. Indeed, Altan Redes's conduct is certainly a central subject in Rivada's constitutional appeal and potential civil lawsuit, and thus Altan Redes "shares with the main action a common question of law or fact." Rule 24(b), Fed. R. Civ. P.

Seeking to avoid this result, Rivada Networks contends that Altan Redes did not yet exist when Rivada Networks filed its § 1782 application. Yet, this fact is of no moment, because (i) Rivada knew, at the time it submitted its § 1782 application, that Altan Consortium—the predecessor to Altan Redes—existed, and (ii) at the latest, Altan Redes was formed the day after Rivada Networks filed its § 1782 application—and two weeks before the Haan deposition was held. Thus, there is no question that the requested information might be used against Altan Redes in the contemplated "civil and other judicial proceedings in Mexico"[8] arising from the Mexican

---

**7.** Nevertheless, Rule 24(a) is likely satisfied. Indeed, Altan Redes has an interest in this matter, given that Rivada is seeking evidence to challenge the basis for Altan Redes's government contract. In this vein, Altan Redes's interests would likely be impaired and are not adequately protected, as Rivada appears to be directly adverse to Altan Redes, and the depo-

nent, Mr. Haan, does not seem to have any relationship with, or reason to protect, Altan Redes. Thus, it seems that intervention as a matter of right would be appropriate.

**8.** *In re Application of Rivada Networks*, 1:16–mc–24 (E.D. Va. Dec. 5, 2016) (Brief in Support of Rivada's § 1782 Request).

government's issuance of a government contract that will be performed by Altan Redes.

In summary, subject matter jurisdiction exists and Altan Redes may properly intervene in this matter.

## III.

Analysis now turns to the question whether Altan Redes was entitled to notice of the Haan deposition and the subpoenas issued pursuant to § 1782. Of course, Rivada's decision to file an *ex parte* § 1782 application was proper—indeed, that decision was unremarkable, as § 1782 applications are routinely filed *ex parte*.[9]

 Nevertheless, once Rivada's § 1782 application was granted, Altan Redes was entitled to notice of the subpoenas and deposition, as required by the Federal Rules of Civil Procedure. Importantly, § 1782 provides that, unless the order authorizing discovery provides otherwise, "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). And, consistent with the statute, the magistrate judge's Order granting Rivada's § 1782 request required that the "discovery [be] consistent with Rule 45, Fed. R. Civ. P., *and other applicable law.*" *In re Application of Rivada Networks*, No. 1:16-mc-24 (E.D. Va. Dec. 9, 2016) (Order) (emphasis added).

Given that the § 1782 subpoenas in this case should have been executed pursuant to Rules 27, 30, and 45, Fed. R. Civ. P.,

Altan Redes was entitled to notice. Specifically, Rule 45 provides that notice must be served on each party to an action before a subpoena for documents and tangible things is served on any third party. *See, e.g.,* Rule 45(a)(4), Fed. R. Civ. P.; *In re Edelman*, 295 F.3d 171, 178–79 (2d Cir. 2002) (protections of Rule 45 apply to persons subpoenaed pursuant to § 1782). Similarly, Rule 30 requires that a party authorized to conduct a deposition under § 1782 provide advance notice of the deposition to other parties. *See, e.g.,* Rule 30(b)(1), Fed. R. Civ. P.; *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office,* 16 F.3d 1016, 1019–20 (9th Cir. 1994); *In re Hornbeam,* 2015 U.S. Dist. LEXIS 142361, at *15–17; *In re Letter of Request from the Supreme Court of Hong Kong,* 138 F.R.D. 27, 31 (S.D.N.Y. 1991).

Moreover, even *expected* parties are entitled to notice before a deposition or tangible thing is taken pursuant to a § 1782 subpoena. *See* Rule 27, Fed. R. Civ. P. To be sure, Rule 27, on its face, discusses depositions "about any matter cognizable in a *United States* court," as opposed to *foreign* court. *Id.* (emphasis added). But to hold that Rule 27 does not apply in the context of this case is to undermine the basic purpose of the Federal Rules of Civil Procedure: to prevent "the use of surprise and procedural ambush." *Atl. Purchasers, Inc. v. Aircraft Sales, Inc.,* 705 F.2d 712, 717 n.6 (4th Cir. 1983). Put differently, the Federal Rules promote basic fairness. Thus, because § 1782 has explicitly embraced the Federal Rules, it follows that Rule 27 required Rivada to provide Altan Redes of the Haan deposition.[10] And as for

---

9. *See, e.g., Gushlak v. Gushlak,* 486 Fed.Appx. 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Application of Societe d'Etude de Realisation et d'Exploitation Pour le Traitement du Mais,* No. 13-MC-266, 2013 WL 6164435, at *2 n.1 (E.D. Pa. Nov. 22, 2013) (collecting cases).

10. *See, e.g., Tokyo Dist. Prosecutor's Office,* 16 F.3d at 1020 (holding that in § 1782 context, "Rule 27 still requires notice of the deposition to be served upon all expected adverse parties"); *Supreme Court of Hong Kong,* 138 F.R.D. at 31 ("While it may be the case that [movant challenging § 1782 subpoena] is technically not yet a party to the Hong Kong criminal proceeding, he was sufficiently identified in the Letters of Request as an adverse

the subpoena for documents and tangible things:

> [i]n light of the objectives of the Federal Rules, it simply makes no sense to require that [a successful § 1782 applicant] provide notice of a subpoena *duces tecum* or a deposition to its adversaries in actual foreign litigation, or of a deposition to its expected adversaries in anticipated foreign litigation, but not of a subpoena *duces tecum* to its expected adversaries in anticipated foreign litigation.

*Hornbeam* 2015 U.S. Dist. LEXIS 142361, at *17. Thus, Rivada should have provided Altan Redes notice of both subpoenas and the deposition in this matter.

Of course, there may be circumstances where it is appropriate for a successful § 1782 petitioner to refrain from providing notice to potential adverse parties. Such circumstances may occur when a deposition is taken in an ongoing, sealed criminal investigation and secrecy is required to protect the integrity of that investigation. In those circumstances a court may, as § 1782 permits, state that the Federal Rules of Civil Procedure do not apply.[11] Yet, a comprehensive analysis of § 1782— and of the apposite Rules and decisional law—points persuasively to the conclusion

that Altan Redes should have received notice here.[12]

## IV.

 It now remains to determine the proper remedy. To begin with, Altan Redes's request for a protective order precluding Rivada from using the Haan deposition in Mexican federal court, or from discussing the deposition testimony publicly, must be denied. To put it colloquially, the cat is out of the bag, as the Mexican media are already aware of Mr. Haan's deposition testimony and its substance. More important, it is inappropriate to issue any remedy here that dictates to a Mexican federal court what to do with a deposition transcript it already has.

 But it is appropriate to provide Altan Redes an opportunity to examine Mr. Haan, particularly because the deposition has not yet closed. It is also appropriate to require Rivada to permit Altan Redes to inspect any documents or tangible things produced pursuant to the subpoena issued by the magistrate judge.[13]

## V.

In sum, (i) there is subject matter jurisdiction over this action, (ii) Altan Redes may properly intervene, and (iii) Altan Re-

---

party that under the Civil Rules he should have been given notice of the depositions." (citing Rule 27, Fed. R. Civ. P.)); *In re Hornbeam*, 2015 U.S. Dist. LEXIS 142361, at *7 ("[W]here a person is authorized under § 1782 to obtain a witness's testimony before commencing anticipated foreign litigation, he must serve first notice on 'each expected adverse party' pursuant to Federal Rule of Civil Procedure 27[.]").

11. *See* 28 U.S.C. § 1782(a) ("To the extent that the order *does not prescribe otherwise*, the testimony … shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." (emphasis added)).

12. Nothing in this Order should be construed as criticizing Rivada or its counsel for failing to provide Altan Redes notice in the circumstances of this case. Section 1782 does not, on its face, explicitly require notice to expected adverse parties. Thus, Rivada's arguments are not frivolous, even though they did not prevail here.

13. The record is unclear whether any documents or tangible things were indeed produced. Rivada contends they were not, but Altan Redes, at oral argument, indicated that there may have been documents produced pursuant to one of the subpoenas.

des should have been provided notice pursuant to § 1782 and the Federal Rules of Civil Procedure.

Accordingly, and for good cause,

It is hereby **ORDERED** that Altan Redes's motion to intervene (Doc. 27) is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** insofar as:

- it is **ORDERED** that Altan Redes is permitted to intervene in this matter;
- it is **ORDERED** that Rivada is **DIRECTED** promptly to permit Altan Redes to inspect any documents or tangible things produced pursuant to the § 1782 subpoenas issued by the magistrate judge in this matter; and
- it is **ORDERE** that parties are **DIRECTED** to take prompt steps to continue the deposition of Mr. Haan. during which deposition Altan Redes may examine the witness.[14] Altan Redes's motion is **DENIED** in all other respects.

**The Clerk is directed to send a copy of this Order to all counsel of record.**

Alexandria, Virginia

---

14. During the hearing on the instant motion, counsel for SCT—the Mexican government agency—and Mr. Haan indicated. on behalf of their clients, their consent to Altan Redes deposing Mr. Haan.